■ In the Matter of JOHN GLENN BARRY METCALF, SR., Appellant, v MARY ODUMS, Respondent. [828 NYS2d 133]—In a child custody proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Kings County (Pearl, J.), dated December 15, 2005, which, after a hearing, denied his petition to modify so much of an order of custody of the same court (Grosvenor, J.), dated March 25, 1997, as awarded custody of his two minor children to the maternal grandmother.

Ordered that the appeal from that portion of the order which

pertains to Jimi Metcalf is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order is affirmed insofar as reviewed, without costs or disbursements.

The petitioner, the biological father of the subject children, appeals from an order which denied his petition seeking to modify stated portions of a prior order of custody. The Family Court previously had awarded custody of the children to the respondent maternal grandmother. The court issued that prior order based on a finding that extraordinary circumstances existed and that such arrangement was in the best interests of the children (*see generally Matter of Bennett v Jeffreys,* 40 NY2d 543 [1976]). That order was affirmed by this Court on October 30, 2000 (*Matter of Odums v Metcalf,* 276 AD2d 794 [2000]).

During the pendency of this appeal Jimi Metcalf turned 18 years of age. As such he is no longer a minor and the earlier custody order no longer applies to him (*see* Family Ct Act § 119 [c]; § 651; *Matter of Lisnitzer v Lisnitzer,* 119 AD2d 576 [1986]).

"[O]nce the preferred status of the birth parent under *Bennett* (40 NY2d 543 [1976]) has been lost by a judicial determination of extraordinary circumstances, the appropriate standard in addressing the possible modification of the prior order is whether there has been a change of circumstances requiring a modification of custody to ensure the best interests of the child" (*Matter of Guinta v Doxtator,* 20 AD3d 47, 51 [2005]). The father failed to establish a change in circumstances warranting a change in custody (*see Gonzalez v Gonzalez,* 17 AD3d 635 [2005]).

The father's contention that the Family Court erred in conducting in-camera interviews of the then 15- and 16-year-old children is unpreserved for appellate review (*see Matter of Amanda R.,* 215 AD2d 220 [1995]) and, in any event, is without merit (*see Matter of Lincoln v Lincoln,* 24 NY2d 270, 273-274 [1969]). Florio, J.P., Mastro, Spolzino and Skelos, JJ., concur.