In the Matter of JASON D. CUSANO, Appellant, v KAREN S. MILEWSKI et al., Respondents. [890 NYS2d 704]—

Lahtinen, J.

Respondent Karen S. Milewski is the maternal grandparent of a child born in 1999 and, since shortly after his birth, she has continuously been the child's primary caregiver; first by the consent of the parents and then via various Family Court orders, including one finding extraordinary circumstances. She had sole legal and physical custody until January 2007, when petitioner (hereinafter the father), who had rekindled his interest in the child, successfully completed a parent education and awareness program and Family Court directed joint legal custody for the

grandmother and father, with the grandmother retaining primary physical custody. Shortly thereafter, the father commenced this proceeding alleging a change in circumstances and seeking legal custody and primary physical custody of his son. Following a hearing, Family Court rendered a thorough written decision in which it declined to revisit the issue of extraordinary circumstances, and then discussed in detail its determination that the father had failed to prove a change in circumstances such that it was in the best interests of the child to modify custody. The petition was dismissed, and the father appeals.

The father initially argues that the grandmother should have been required to prove that extraordinary circumstances still existed. We cannot agree. Where, as here, "the preferred status of the birth parent . . . has been lost by [an earlier] determination of extraordinary circumstances, the appropriate standard in addressing the possible modification of the prior order is whether there has been a change of circumstances requiring a modification of custody to ensure the best interests of the child" (*Matter of Guinta v Doxtator*, 20 AD3d 47, 51 [2005] [citation omitted]; *see Matter of Metcalf v Odums*, 35 AD3d 865, 866 [2006]). A judicial determination of extraordinary circumstances having already been made in an earlier order, Family Court correctly refused to revisit that issue in this petition.

The father also contends that the proof at the hearing satisfactorily established a change in circumstances reflecting a need for a custody modification to insure the child's continued best interests (*see Matter of Goldsmith v Goldsmith*, 50 AD3d 1190, 1191 [2008]). Such a determination depends upon the weighing of the unique facts of each case and necessarily implicates a host of factors, including, among others, "past performance, stability, fitness, home environment and ability to guide the child's intellectual and emotional development" (*Matter of Van Hoesen v Van Hoesen*, 186 AD2d 903, 903 [1992]; *see Matter of Passero v Giordano*, 53 AD3d 802, 803 [2008]). "Family Court's findings and credibility determinations are accorded great deference and will not be disturbed unless they lack a sound and substantial basis in the record" (*Matter of Bronson v Bronson*, 63 AD3d 1205, 1206 [2009] [citations omitted]).

The father testified regarding the parenting course he had just completed, his recent exercising of his allotted parenting time and his improved employment. Family Court noted that the father's testimony was not cohesive or clear. The court observed that he had taken no role in the child's life for several years while living in Las Vegas and that the grandmother had been the consistent parental figure in the child's life since he

was a couple of weeks old. The father's current living arrangement was a two-bedroom apartment he shared with his girlfriend, her adult brother and her four-year-old daughter and, since his girlfriend's brother occupied one of the bedrooms, the sleeping arrangements for the child was in a bedroom with the father, his girlfriend and his girlfriend's daughter. The father had not exercised his right to receive the child's academic information until shortly before the hearing, and he was unaware of various school events. Family Court observed that he failed to adequately explain his apparent apprehension about the grandmother's religious training of the child. The record fully supports Family Court's determination that the father failed to demonstrate a change of circumstances such that a modification of custody would be in the child's best interests.

Mercure, J.P., Rose, Malone Jr. and Garry, JJ., concur. Ordered that the order is affirmed, without costs.