Stein, J.
Appeal from an order of the Family Court of Otsego County (Lambert, J.), entered January 10, 2013, which dismissed petitioner’s application, in a proceeding pursuant to Family Ct Act article 6, for modification of a prior order of custody.
Petitioner is the mother of a child born in 2006.[1] In 2008, respondents, the child’s maternal great-grandparents, brought a petition for custody and, upon petitioner’s failure to appear, respondents were granted temporary custody. In 2010, following a hearing, Family Court granted the petition, finding that extraordinary circumstances warranted placement of the child in their custody.[2] That same year, petitioner commenced a proceeding seeking modification of the prior custody order, which was resolved by an order on consent continuing custody of the child with respondents and providing visitation to petitioner. In 2012, petitioner commenced the instant proceeding, again seeking modification of custody. Following a hearing, Family Court dismissed the petition and this appeal by petitioner ensued.
We affirm. Initially, we reject petitioner’s argument that Family Court failed to properly recognize her right as a biological parent to have custody of her child. Where “ ‘the preferred status of the birth parent . . . has been lost by [a prior] determination of extraordinary circumstances, the appropriate standard in addressing the possible modification of the prior order is whether there has been a change of circumstances requiring a modification of custody to ensure the best interests of the child’ ” (Matter of Cusano v Milewski, 68 AD3d 1272, 1273 [2009], quoting Matter of Guinta v Doxtator, 20 AD3d 47, 51 [2005]; see Matter of Metcalf v Odums, 35 AD3d 865, 866 [2006]; cf. Matter of McBride v Springsteen-El, 106 AD3d 1402, 1403 [2013]). In the instant matter, there was a prior judicial determination of extraordinary circumstances, which included findings that petitioner was “parentally unfit,” that there had been an extended disruption in custody and that the child was thriving in respondents’ care. Accordingly, Family Court was not required to revisit that issue in the context of this petition.
Further, we discern no basis in the record to disturb Family *1115 Court’s determination that petitioner’s allegations were insufficient to demonstrate a change in circumstances requiring modification of custody to ensure the child’s best interests. The petition alleged, among other things, that petitioner had been consistently exercising her parenting time with the child. However, according to petitioner’s own testimony, in the five months that preceded the hearing, she missed 6 out of 10 visits with the child. Despite some positive improvements in her situation, petitioner had an ongoing history of lacking stable housing and had been without a driver’s license for more than two years after an unpaid ticket prevented her from renewing it. Additionally, there is evidence in the record questioning the character of petitioner’s unemployed live-in boyfriend, who Family Court noted did not testify at the hearing.
On the other hand, the child has been living with respondents for five years and, by all accounts, continues to thrive in their care. The child is performing well at school, is involved in various extracurricular activities and frequently visits with members of her extended family who live nearby, including her cousins who are close in age. Mindful of the importance of providing stability for the child and considering the evidence as a whole, while according due deference to Family Court’s findings and credibility assessments, we find a sound and substantial basis in the record supporting that court’s determination that any changes in petitioner’s situation were insufficient to establish a change in circumstances warranting a discontinuation of the current custody order in the child’s best interests (see Matter of Cusano v Milewski, 68 AD3d at 1274).[3]
Petitioner’s remaining contentions have been considered and found to be lacking in merit.
Lahtinen, J.P, Garry and Rose, JJ., concur.
Ordered that the order is affirmed, without costs.

. Petitioner also has two children who are not the subject of this proceeding.

. Petitioner failed to prosecute her appeal from this order.

. While not determinative, we note that the position advanced by the attorneys for the child—both at the hearing and now on appeal—is consistent with Family Court’s determination (see Matter of Robert AA. v Colleen BB., 101 AD3d 1396, 1398 n 2 [2012], lv denied 20 NY3d 860 [2013]).