■ In the Matter of HEATHER DUMOND, Appellant, v DEBORAH INGRAHAM et al., Respondents. (Proceeding No. 1.) In the Matter of JOHN H. ROLFE JR., Respondent, v HEATHER DUMOND, Appellant, et al., Respondent. (Proceeding No. 2.) [9 NYS3d 477]—

Clark, J. Appeal from an order of the Family Court of Delaware County (Lambert, J.), entered March 6, 2014, which, among other things, dismissed petitioner's application, in two proceedings pursuant to Family Ct Act article 6, to modify a prior order of custody.

Heather Dumond (hereinafter the mother) and John H. Rolfe Jr. (hereinafter the father) are the unwed parents of a son (born in 2008). In March 2010, apparently on account of her issues with alcohol and drug abuse, as well as other personal struggles, the mother voluntarily left the child in the primary care of her mother, respondent Deborah Ingraham (hereinafter

the grandmother). Thereafter, in June 2010, the grandmother filed a petition for temporary custody of the child, which Family Court granted. After subsequent proceedings that are not at issue here, the temporary order was modified, granting joint custody in favor of the grandmother and the father, and awarding supervised visitation to the mother, under the grandmother's supervision. Such order was made permanent in December 2010.

In November 2012, the mother commenced proceeding No. 1 seeking to modify a July 2012 consent order signed by all of the parties herein, which, aside from adjusting the location of the mother's supervised visitation, continued the prior custody arrangement memorialized in the December 2010 order. Shortly before the fact-finding hearing on the mother's petition was scheduled to begin, the father filed his own custody petition (proceeding No. 2). After a three-day hearing spanning over four months and encompassing both petitions, Family Court dismissed the mother's petition on the ground that she had failed to establish a change in circumstances. The court also found that extraordinary circumstances existed as the threshold finding necessary to award custody to the grandmother as a nonparent, but, upon continuing to a best interests analysis, awarded custody of the child to the father, along with liberal, unsupervised parenting time to the mother and visitation to the grandmother. The mother now appeals.[1]

Initially, we agree with the mother that Family Court erred inasmuch as it dismissed her petition in proceeding No. 1 upon the determination that she failed to set forth a sufficient change in circumstances warranting modification of the prior order of custody.[2] In custody modification proceedings between parents, "[a]n existing custody order will be modified only if there is a showing of a change in circumstances revealing a real need for the modification in order to ensure the best interests of the child" (*Matter of Eller v Eller*, 126 AD3d 1242, 1242 [2015] [internal quotation marks, brackets and citations omitted]). However, where, as here, a parent seeks to regain custody from a nonparent—here the grandmother—it is well established that, unless a finding of extraordinary circumstances was made in a prior order, the parent is not required to

---

1. Neither the father nor the grandmother has participated in this appeal. The attorney for the child, however, has submitted a brief.

2. Interestingly, although likewise seeking to modify the prior order, Family Court did not conduct an analysis of a change in circumstances with respect to the father's petition. As hereinafter discussed, a change in circumstances finding was not required, but we note the disparity because it is unclear why different legal standards were applied to the two petitions.

prove a change in circumstances as a threshold matter (*see Matter of Ramos v Ramos*, 75 AD3d 1008, 1009 [2010]; *Matter of Mercado v Mercado*, 64 AD3d 951, 952-953 [2009]; *Matter of McArdle v McArdle*, 1 AD3d 822, 823 [2003]). Thus, in light of the fact that Family Court did not make a finding of extraordinary circumstances with respect to the grandmother in the prior custody order, it was error to dismiss the mother's petition without first conducting an analysis of the best interests of the child.

Having revived the mother's petition, we are mindful of the fact that we possess the power to conduct an independent review of an adequately developed record (*see Matter of Julie E. v David E.*, 124 AD3d 934, 935 [2015]; *Matter of Burton v Barrett*, 104 AD3d 1084, 1087 [2013]). However, we remain unable to properly undertake this endeavor as we are constrained by the order appealed from, which fails to clearly articulate each of the parties' rights.[3] Specifically, the order broadly states that it "is in the best interest of [the child] to be in the custody of [the father]." Family Court further stated that the grandmother "may have visits" with the child and also awarded parenting time to the mother. While these directives certainly speak to the physical custody of the child—and there may be support for them in the record—we are uncertain as to the status of legal custody that was previously shared by the father and the grandmother. At the fact-finding hearing, the proof revealed that the grandmother was solely in charge of the child's educational needs and medical care, yet legal custody is not discussed in Family Court's analysis. The attorney for the child seems to infer that both sole legal and physical custody has been awarded to the father; however, the order does not specify that. The mother's appellate brief does not set forth her understanding of the order and also does not explain whether, in practice, she has any legal rights beyond visits with child. Inasmuch as neither the grandmother nor the father has participated in this appeal, we are unclear as to whether the father has sole legal custody or if a joint legal custodial relationship exists between the father and the grandmother—or all three parties. Nor are we able to tell whether the mother and the grandmother have any right to access information concerning the child in the event that they do not share a joint legal

---

3. Were we able to proceed with our independent review, we would agree with Family Court's determination of the existence of extraordinary circumstances (*see* Domestic Relations Law § 72 [2] [b]; *Matter of Battisti v Battisti*, 121 AD3d 1196, 1197-1198 [2014]; *Matter of Magana v Santos*, 70 AD3d 1208, 1209 [2010]; *Matter of Carton v Grimm*, 51 AD3d 1111, 1112-1113 [2008], *lv denied* 10 NY3d 716 [2008]).

custodial relationship. Simply put, the order appealed from does not make clear the rights afforded to the parties and, as we are unwilling to infer Family Court's intentions, we must remit the matter to Family Court so that it can clearly articulate the respective legal and physical custodial rights of the father, the mother and the grandmother.

McCarthy, J.P., Egan Jr. and Lynch, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Delaware County for further proceedings not inconsistent with this Court's decision.