Rumsey, J.
 

 Appeal from an order of the Family Court of Broome County (Young, J.), entered June 30, 2016, which, in a proceeding pursuant to Family Ct Act article 6, granted respondent’s motion to dismiss the petition.
 

 Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the divorced parents of a child born in 2005. The parties’ February 2014 judgment of divorce, which incorporated the parties’ separation agreement, granted the parties joint legal custody, with the mother having primary physical custody and the father having visitation on alternate weekends and every Wednesday evening. The parties thereafter entered into a stipulation amending the provisions of the separation agreement and judgment of divorce that was reduced to an order in January 2015.
 

 In February 2016, the mother petitioned Family Court pro se for an order modifying the existing custodial arrangement to require, among other things, that the child not be left alone with the father’s girlfriend, that the father, rather than his girlfriend, transport the child, that the father notify the mother of any change of address or employment and that the father include the mother in planning the child’s Bat Mitzvah. In May 2016, the father moved to dismiss the petition for failing to state a claim, arguing that the mother had failed to allege a change in circumstances to warrant review of the issue of custody. The attorney for the child submitted a letter in support of the father’s motion to dismiss. In June 2016, Family Court granted the father’s motion and dismissed the petition without a hearing. The mother now appeals.
 

 “In any modification proceeding, the threshold issue is whether there has been a change in circumstances since the prior custody order ... to warrant a review of the issue of custody to ensure the continued best interests of the child. A petition filed by a pro se litigant should be construed liberally when considering whether it sufficiently alleged a change in circumstances. While not every petition in a Family Ct Act article 6 proceeding is automatically entitled to a hearing, generally an evidentiary hearing is necessary and should be conducted unless the party seeking the modification fails to make a sufficient evidentiary showing to warrant a hearing or no hearing is requested and the court has sufficient information to undertake a comprehensive independent review of the child’s best interests” (Matter of Pollock v Wakefield, 145 AD3d 1274, 1274-1275 [2016] [internal quotation marks, brackets and citations omitted]).
 

 We find that the pro se petition is sufficient to warrant an evidentiary hearing based on the allegations that the father violated certain provisions of the existing custody arrangement when he moved three times without informing the mother, made plans for the child’s Bat Mitzvah without consulting her and failed to provide her with information regarding a one-week vacation that he was taking with the child (see Matter of Brennan v Kestner, 124 AD3d 980, 981 [2015]). Accordingly, we reverse and remit the matter to Family Court for a hearing regarding the issue of change in circumstances and, if warranted, the best interests of the child.
 

 Peters, P.J., Garry, Rose and Aarons, JJ., concur.
 

 Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Broome County for further proceedings not inconsistent with this Court’s decision.