Pritzker, J.
 

 Appeal from an order of the Family Court of Cortland County (Campbell, J.), entered July 20, 2016, which, among other things, granted petitioner’s application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation.
 

 Petitioner (hereinafter the mother) is the mother of three children (born in 2002, 2010 and 2011). Respondent Arvin B. (hereinafter the father) is the biological father of the younger two children. After the three children were adjudicated to be neglected by the mother and the father, they were placed in the custody of respondent Susan A. (hereinafter the grandmother) by order on consent and after a finding of extraordinary circumstances was made based upon the mother’s and the father’s drug use and incarceration. After multiple petitions were filed, including an application by the mother to modify custody, a fact-finding hearing and a Lincoln hearing were held, after which Family Court determined that it was in the best interests of the children to award custody to the mother. The grandmother now appeals.
 

 “ £[T]he party petitioning to modify a custody order bears the burden of demonstrating first, that there has been a change in circumstances since the prior order and, then, if such a change occurred, that the best interests of the child [ren] would be served by a modification of that order’ ” (Matter of Smith v McMiller, 149 AD3d 1186, 1187 [2017], quoting Matter of Thomas FF. v Jennifer GG., 143 AD3d 1207, 1208 [2016]; see Matter of Jessica AA. v Thomas BB., 151 AD3d 1231, 1231-1232 [2017]). A parent is required to prove a change in circumstances to regain custody from a nonparent where, as here, there was a previous finding of extraordinary circumstances (see Matter of Dumond v Ingraham, 129 AD3d 1131, 1132-1133 [2015]). Inasmuch as Family Court is in a superior position to assess witness credibility, its factual findings are to be accorded great deference and its decision will not be disturbed if supported by a sound and substantial basis in the record (see Matter of Southammavong v Sisen, 141 AD3d 905, 906 [2016]; Matter of Gentile v Warner, 140 AD3d 1481, 1482 [2016]).
 

 Here, the mother established that there was a change in circumstances as the mother no longer uses drugs, is no longer incarcerated, has a steady, full-time job and has been taking care of the children both as a caregiver and financial provider. Additionally, Family Court found that “the deterioration in the relationship between [the grandmother and the mother] also constitutes a change in circumstances that impacts the children.” As the mother met her burden in demonstrating a change in circumstances since entry of the prior order, the court properly went on to a best interests analysis (see Matter of Smith v McMiller, 149 AD3d at 1187). The record establishes that there is a question as to the quality of care provided by the grandmother and that the mother would be able to provide for the children’s financial, emotional and intellectual development, all pertinent factors to be considered by the court when undertaking a best interests analysis (see Matter of Heather U. v Janice V., 152 AD3d 836, 839 [2017]; Matter of Peters v Dugan, 141 AD3d 751, 753-754 [2016]). Testimony established that the grandmother has overlooked and denied the use of alcohol in the home, that household conditions have deteriorated, including food shortages, dog feces and urine odor in the house, a volatile relationship with one of the children and that, when the grandmother and mother disagree, the grandmother cuts off or limits the mother’s contact with the children on a whim, contact which the children look forward to. Testimony also established that the mother has remained drug free, is currently working full time, has been saving money to provide a suitable residence for the children and has proven capable of caring for the children. Based upon the totality of the circumstances, we find that Family Court’s determination to award custody to the mother is supported by a sound and substantial basis in the record (see Matter of William EE. v Christy FF., 151 AD3d 1196, 1198-1199 [2017]; Matter of Menhennett v Bixby, 132 AD3d 1177, 1179 [2015]).
 

 Contrary to the grandmother’s assertion, Family Court properly ruled that the attorney for the children did not have a disqualifying conflict of interest. It is not disputed that the attorney for the children represented the mother in the past for a criminal matter related to drug charges that resulted in her incarceration. Due to this, the grandmother asserts that the attorney for the children’s representation is a conflict of interest under Rules of Professional Conduct (22 NYCRR 1200.0) rules 1.7 and 1.9. Initially, the grandmother’s assertion regarding a conflict of interest pursuant to rule 1.7 is not preserved for appellate review because the grandmother did not move to disqualify the attorney for the children on this ground (see Albany Eng’g Corp. v Hudson River/Black Riv. Regulating Dist., 110 AD3d 1220, 1222-1223 [2013]). As to the alleged conflict pursuant to rule 1.9, the grandmother’s assertion lacks merit as the matters are not substantially similar, nor were the interests of the children materially adverse to those of the attorney for the children’s former client, the mother (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.9 Comment [3] [rev 2017]). We also do not find merit to the grandmother’s further assertion that the attorney for the children did not provide the effective assistance of counsel, as it is clear from the record that he zealously advocated for his clients’ position (see Matter of Gloria DD. [Brenda DD.], 99 AD3d 1044, 1046 [2012]).
 

 As to the grandmother’s contention that Family Court abused its discretion by refusing to order the mother to undergo a substance abuse evaluation and declining to draw a negative inference from the mother’s failure to take such evaluation, the record is clear that the court did order, at the request of the grandmother, that the mother undergo a substance abuse evaluation. Also, as the record makes clear that the failure of the mother to undergo the evaluation was not due to the mother, but rather, confusion as to who would pay for the evaluation, this contention is without merit.
 

 McCarthy, J.P., Lynch, Devine and Clark, JJ., concur.
 

 Ordered that the order is affirmed, without costs.