■ In the Matter of CHRISTY T., Appellant, v DIANA T., Respondent. (And Other Related Proceedings.) [66 NYS3d 746]—

Lynch, J. Appeal from an order of the Family Court of Madison County (McDermott, J.), entered September 16, 2016, which, among other things, dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation.

Petitioner (hereinafter the mother) is the mother of three children (born in 2006, 1999 and 1998).[1] In 2011, the Cortland County Department of Social Services commenced neglect proceedings against the mother after it was alleged that she left the children alone overnight, improperly used corporal punishment and medically neglected the youngest child (hereinafter the child). In December 2011, the child was temporarily placed in the care of respondent (hereinafter the maternal grandmother) during the pendency of the neglect proceeding and parenting time was arranged and approved through the

---

1. The oldest child turned 18 while these proceedings were before Family Court and the middle child turned 18 while this appeal was pending. As such, the focus of the appeal is on the youngest child.

Department of Social Services. In May 2013, the parties consented to an order granting the mother and the maternal grandmother joint legal custody, with the maternal grandmother having primary physical custody. The mother was awarded overnight parenting time on alternate weekends.

In October 2015, the mother filed a petition seeking custody of the child.[2] A fact-finding hearing was held over three days in June and September 2016. Family Court, among other things, dismissed the mother's custody petition, finding that the maternal grandmother had met her burden of establishing extraordinary circumstances and the mother failed to show a change in circumstances. The mother appeals.

We agree with the mother that Family Court should not have dismissed her petition upon its finding that she failed to show a change in circumstances since the entry of the 2013 custody order. "A parent has a claim of custody to his or her child that is superior to all other persons, unless a nonparent establishes that there has been surrender, abandonment, persistent neglect, unfitness, an extended disruption of custody or 'other like circumstances' " (*Matter of Donna SS. v Amy TT.*, 149 AD3d 1211, 1212 [2017], quoting *Matter of Bennett v Jeffreys*, 40 NY2d 543, 544 [1976]; *see Matter of Rumpff v Schorpp*, 133 AD3d 1109, 1110 [2015]). "[W]here, as here, a parent seeks to regain custody from a nonparent . . . [,] it is well established that, unless a finding of extraordinary circumstances was made in a prior order, the parent is not required to prove a change in circumstances as a threshold matter" (*Matter of Dumond v Ingraham*, 129 AD3d 1131, 1132-1133 [2015]). A prior "consent order, standing alone, does not constitute a judicial finding [or an admission] of surrender, abandonment, unfitness, neglect or other extraordinary circumstances" (*Matter of McDevitt v Stimpson*, 281 AD2d 860, 862 [2001]; *see Matter of Rush v Roscoe*, 99 AD3d 1053, 1054 [2012]). As the mother consented to the prior custody order and there was no prior finding therein of extraordinary circumstances, she was not required to demonstrate a change in circumstances in the first instance (*see Matter of Dumond v Ingraham*, 129 AD3d at 1133).

As to the issue of extraordinary circumstances, as relevant here, a grandparent "may make the requisite showing of extraordinary circumstances . . . by establishing that there has been an 'extended disruption of custody' " (*Matter of Donna SS. v Amy TT.*, 149 AD3d at 1213, quoting Domestic Relations

---

**2.** Subsequent petitions were also filed by the mother, including Family Ct Act article 8 petitions, and the maternal grandmother also filed a Family Ct Act article 8 petition.

Law § 72 [2] [a]). An extended disruption of custody includes, "but [is] not . . . limited to, a prolonged separation of the . . . parent and the child for a least [24] continuous months during which the parent voluntarily relinquished care and control of the child and the child resided in the household of the . . . grandparent" (Domestic Relations Law § 72 [2] [b]; *see Matter of Suarez v Williams*, 26 NY3d 440, 447 [2015]; *Matter of Donna SS. v Amy TT.*, 149 AD3d at 1213; *Matter of Brown v Comer*, 136 AD3d 1173, 1174 [2016]). When considering whether the parent voluntarily relinquished care and control of the child and the child resided with the grandparent for the requisite period of time, factors to consider " 'include the length of time the child has lived with the nonparent, the quality of that relationship and the length of time the parent allowed such custody to continue without trying to assume the primary parental role' " (*Matter of Rumpff v Schorpp*, 133 AD3d at 1110, quoting *Matter of Battisti v Battisti*, 121 AD3d 1196, 1197 [2014]; *see Matter of Suarez v Williams*, 26 NY3d at 449-450).

The evidence established that the child had spent nearly one half of her life living with the maternal grandmother and that the mother did not complete all the mental health treatment and programs offered during the pendency of the prior neglect proceeding. The mother offered no real explanation for her failure to obtain treatment when it was offered, other than to claim that she had been successfully discharged—a claim belied by the treatment records. Given this history, we find that Family Court properly determined that the maternal grandmother met her burden of establishing the existence of extraordinary circumstances (*see Matter of Rumpff v Schorpp*, 133 AD3d at 1110-1111; *Matter of Ferguson v Skelly*, 80 AD3d 903, 905 [2011], *lv denied* 16 NY3d 710 [2011]).

Once the maternal grandmother met her threshold burden, Family Court was obligated to determine what disposition would be in the child's best interests (*see Matter of Bennett v Jeffreys*, 40 NY2d 543, 544 [1976]; *Matter of Donna SS. v Amy TT.*, 149 AD3d at 1212-1213). At that juncture, "[n]o continuing preference for the parent over the nonparent is part of the analysis; instead, factors to be taken into account include the parties' respective abilities to provide stable homes for the child[ ], their relationships with the child[ ] and ability to guide and provide for [the child]" (*Matter of Rumpff v Schorpp*, 133 AD3d at 1111; *see Matter of Curless v McLarney*, 125 AD3d 1193, 1197 [2015]; *Matter of Battisti v Battisti*, 121 AD3d at 1198). We are mindful of our authority to review the record and determine the best interests of the child, however, we

conclude that this record is not adequately developed for us to exercise this authority (*see Matter of Dumond v Ingraham*, 129 AD3d at 1133). In this regard, we note that the record does not address the home environment of the maternal grandmother after 2013.

Peters, P.J., Egan Jr., Clark and Rumsey, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as dismissed petitioner's petition for custody of the youngest child; matter remitted to the Family Court of Madison County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.