Matter of Audreanna VV. v Nancy WW. (2018 NY Slip Op 01227)





Matter of Audreanna VV. v Nancy WW.


2018 NY Slip Op 01227


Decided on February 22, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 22, 2018

523970

[*1]In the Matter of AUDREANNA VV., Respondent,
v
NANCY WW., Appellant, et al., Respondent.

Calendar Date: January 9, 2018

Before: Garry, P.J., Clark, Mulvey, Aarons and Pritzker, JJ.


Lisa A. Natoli, Norwich, for appellant.
John A. Cirando, Syracuse, for Audreanna VV., respondent.
Andrea J. Mooney, Ithaca, attorney for the children.


Pritzker, J.

MEMORANDUM AND ORDER
Appeal from an order of the Family Court of Schuyler County (Keene, J.), entered October 18, 2016, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation.
Petitioner (hereinafter the mother) and respondent Gerald J. (hereinafter the father) are the parents of two children (born in 2009 and 2010). In December 2014, after a fact-finding
hearing resulting in a finding of extraordinary circumstances,[FN1] respondent Nancy WW. (hereinafter the grandmother)[FN2] was awarded primary physical custody of both children during the [*2]school week, with the mother and her sharing joint legal custody and the father having visitation as agreed to among the parties. In May 2016, the grandmother filed a violation petition alleging that the mother failed to transport the children back to her after visitation and missed the children's mental health counseling appointments. Approximately one month later, the mother responded with a violation petition of her own alleging that the grandmother wrongly refused to allow her to take the younger child to a medical specialist and that the older child had missed 36 days of school. The mother then filed a modification petition seeking primary physical custody of the children based upon these allegations. In July 2016, the grandmother also filed a modification petition seeking full custody of the children and termination of the mother's visitation. A combined fact-finding hearing on the respective petitions ensued and, at the close of the grandmother's proof, Family Court dismissed the grandmother's petitions. Following the completion of the fact-finding hearing, Family Court, among other things, awarded sole legal and physical custody to the mother, finding that it was in the children's best interests to reside with her and to visit with the grandmother on alternate weekends. The grandmother now appeals.
We affirm. When a parent seeks to regain custody from a nonparent, he or she "is required to prove a change in circumstances . . . where, as here, there was a previous finding of extraordinary circumstances" (Matter of Catherine A. v Susan A., 155 AD3d 1360, 1361 [2017]; see Matter of Ray v Eastman, 117 AD3d 1114, 1114 [2014]). "[A]ssuming this threshold requirement [of showing that a change in circumstances] has been met, the parent then must show that modification of the underlying order is necessary to ensure the child[ren's] continued best interests" (Matter of Thompson v Wood, 156 AD3d 1279, 1280 [2017] [internal quotation marks and citations omitted]; accord Matter of Sean Q. v Sarah Q., 156 AD3d 1173, 1174 [2017]; see Matter of David ZZ. v Suzane A., 152 AD3d 880, 881 [2017]). Here, both children have special needs, with the older child diagnosed as autistic and the younger child having developmental delays. Notwithstanding the children's need for stability and support, the testimony at the fact-finding hearing demonstrates that the grandmother was unable to ensure that their educational needs were being met while in her care. Indeed, a school psychologist revealed that, during the 2015-2016 school year, the older child was absent from school 42 out of 180 days, with approximately half of these absences marked unexcused. Because of the frequency of the older child's absences, he also missed a significant percentage of his medically prescribed services. Although the child's attendance improved after a meeting between the grandmother and school officials, the child still missed 11 days thereafter. Furthermore, the child was not getting enough sleep at night and, as a result, was sleeping at school. The record is also replete with evidence of the mother's and the grandmother's acrimonious relationship and inability to effectively communicate with one another. When according deference to Family Court's credibility determinations, we find that the breakdown in meaningful communication between these parties — occasioned primarily by the grandmother — coupled with the excessive absences from school while the children were residing in her care constitutes a change in circumstances (see Matter of Kvasny v Sherrick, 155 AD3d at 1366, 1367 [2017]; Matter of Richard Y. v Vanessa Z., 146 AD3d 1050, 1050-1051 [2017]).
The inquiry now turns to whether there is a sound and substantial basis in the record to support the determination that sole legal and physical custody to the mother, with visitation to the grandmother, promotes the children's best interests. "In determining what modification of an existing custody order, if any, would best promote [the] child[ren's] interests, courts consider, among other factors, the child[ren's] need for stability, the [parties'] respective home environments, the length of the existing custody arrangement, past parenting performances and each [parties'] relative fitness, willingness to foster a positive relationship with the other [party] and ability to provide for the child[ren]'s intellectual and emotional development" (Matter of Angela N. v Guy O., 144 AD3d 1343, 1345 [2016] [citations omitted]; see Matter of Kvasny v [*3]Sherrick, 155 AD3d at 1367). As noted previously, the testimony established that the grandmother has been unable to foster the children's educational stability. By contrast, the mother testified that, during a two-week period when the children were in her care, neither of them was late to or missed a day of school. Furthermore, the children's school psychologist testified that being forced to transition between two caregivers has been "traumatic" for the older child.
With respect to the respective home environments, the mother has greatly improved her situation, having maintained her sobriety since 2011. Although Child Protective Services was previously involved with her family, the record does not indicate that a neglect petition has ever been filed, and the mother has maintained custody of her 16-month-old daughter. The mother has a room for the children in her home and is adding a room for her younger daughter. While the mother previously had an unstable living situation, domestic violence is no longer prevalent in her life, she has successfully engaged in parenting classes and she has demonstrated that she understands how to discipline the children. Moreover, the testimony indicates that only the mother is willing to foster a positive relationship with the grandmother. In fact, the animosity that the grandmother has toward the mother was conspicuous at the fact-finding hearing, so much so that Family Court had to address the issue on the record. Inasmuch as joint legal custody is no longer feasible and because the mother appears better equipped to provide stability for these young children with special needs and has improved her situation, Family Court's determination to award her sole legal and physical custody is supported by a sound and substantial basis in the record (see Matter of Kvasny v Sherrick, 155 AD3d at 1367-1368; Matter of Smith v McMiller, 149 AD3d 1186, 1188 [2017]).
The grandmother also asserts that she received ineffective assistance of counsel. To successfully maintain an ineffective assistance of counsel claim, a party must "'demonstrate that he or she was deprived of meaningful representation as a result of his or her lawyer's deficiencies'" (Matter of Tracey L. v Corey M., 151 AD3d 1209, 1212 [2017] [brackets omitted], quoting Matter of Hurlburt v Behr, 70 AD3d 1266, 1267 [2010], lv dismissed 15 NY3d 943 [2010]). "Counsel's representation need not be perfect and, as it is not the role of this Court to second-guess counsel's trial strategy or tactics, a party seeking to prevail on an ineffective assistance of counsel claim must do something more than engage in hindsight speculation as to the viability of counsel's strategy" (Matter of Bennett v Abbey, 141 AD3d 882, 883 [2016] [internal quotation marks, brackets and citations omitted]). The grandmother's claim that her attorney was ineffective because he failed to subpoena or produce records relating to ongoing concerns of Child Protective Services and the children's mental health providers is based upon the unsupported premise that such records would change the result in this case. In the absence of sufficient proof to the contrary, the failure to subpoena these records may well have been a tactical decision (see Matter of Bennett v Abbey, 141 AD3d at 883; Matter of Bella FF. [Margaret GG.—James HH.], 130 AD3d 1187, 1189-1190 [2015]). The grandmother's further assertion that her attorney failed to make basic objections is belied by the record, and any remaining claims of ineffective assistance lack merit. Under the circumstances, therefore, we find that, in totality, the grandmother received meaningful representation.
The grandmother's contention that the attorney for the children improperly substituted his judgment for the children's is unpreserved, as she failed to move for removal of the children's attorney after being notified of his position in a written summation (see Matter of Emmanuel J. [Maximus L.], 149 AD3d 1292, 1297 [2017]; Matter of Elniski v Junker, 142 AD3d 1392, 1393 [2016]). Even if the matter were preserved, we would find that counsel properly substituted his judgment because the "child[ren] lack[] the capacity for knowing, voluntary and considered judgment" (22 NYCRR 7.2 [d] [3]) due to their age, disabilities and the grandmother's hostility [*4]toward the mother.
The grandmother's remaining contentions, to the extent not expressly addressed herein, have been considered and found lacking in merit.
Garry, P.J., Clark, Mulvey and Aarons, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: We take judicial notice of the December 2014 order which, although not contained in the record, is included in the grandmother's appendix and contains the extraordinary circumstances finding (see Matter of Blagg v Downey, 132 AD3d 1078, 1079 n 1 [2015]).

Footnote 2: The grandmother is the mother's biological grandmother, but she subsequently adopted the mother and, thus, legally became the children's grandmother.