Matter of Hall v Moore (2018 NY Slip Op 01363)





Matter of Hall v Moore


2018 NY Slip Op 01363


Decided on March 1, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 1, 2018

523913

[*1]In the Matter of MURRAY HALL III, Appellant,
v
JACQUELINE S. MOORE et al., Respondents.

Calendar Date: January 11, 2018

Before: Garry, P.J., Egan Jr., Lynch, Devine and Clark, JJ.


Adam W. Toraya, Albany, for appellant.
William V. O'Leary, Albany, for Jacqueline S. Moore, respondent.
Christopher J. Obstarczyk, Latham, for Daysha C. Moore, respondent.
Peter J. Scagnelli, Albany, attorney for the child.


Devine, J.

MEMORANDUM AND ORDER
Appeal from an order of the Family Court of Albany County (M. Walsh, J.), entered September 7, 2016, which, in a proceeding pursuant to Family Ct Act article 6, granted motions by respondent Daysha C. Moore and the attorney for the child to dismiss the petition.
Petitioner (hereinafter the father) and respondent Daysha C. Moore (hereinafter the mother) are the unmarried parents of a
son (born in 2008), and respondent Jacqueline S. Moore (hereinafter the grandmother) is the child's maternal grandmother. The parties entered into a consent order in 2013 that awarded joint legal custody of the child to the father, the mother and the grandmother and primarily placed him with the grandmother. In May 2016, the father, who was incarcerated at all relevant times, filed a pro se modification petition seeking sole legal custody of the child and physical placement with the paternal grandparents. The mother and the attorney for the child separately moved to dismiss the petition due to the father's failure to allege the requisite change in circumstances, and the grandmother supported their arguments. Family Court granted the motions to dismiss, and this appeal by the father ensued.
The threshold issue in a custody modification proceeding between parents is whether a [*2]change in circumstances has occurred since the entry of the prior custody order that would warrant revisiting the custody arrangement to ensure the best interests of the child (see Matter of Horowitz v Horowitz, 154 AD3d 1207, 1207 [2017]; Matter of William O. v John A., 148 AD3d 1258, 1259 [2017], lv denied 29 NY3d 908 [2017]; Matter of Dumond v Ingraham, 129 AD3d 1131, 1132-1133 [2015]). This, in contrast, is the father's effort to alter a custody arrangement involving a nonparent, and he "has a claim of custody of his . . . child, superior to that of [the nonparent], in the absence of surrender, abandonment, persistent neglect, unfitness, disruption of custody over an extended period of time or other extraordinary circumstances" (Matter of Curless v McLarney, 125 AD3d 1193, 1195 [2015] [internal quotation marks and citations omitted]; accord Matter of Rumpff v Schorpp, 133 AD3d 1109, 1110 [2015]). Therefore, absent a finding of extraordinary circumstances, the father was "not required to prove a change in circumstances as a threshold matter" (Matter of Dumond v Ingraham, 129 AD3d at 1132-1133; see Matter of Christy T. v Diana T., 156 AD3d 1159, 1160 [2017]; Matter of Rumpff v Schorpp, 133 AD3d at 1110).
Family Court did not make a finding of extraordinary circumstances in the appealed-from order. The 2013 consent order is absent from the record, but we take judicial notice that it contained "neither a judicial finding nor an admission of extraordinary circumstances" (Matter of Rumpff v Schorpp, 133 AD3d at 1110; cf. Matter of Catherine A. v Susan A., 155 AD3d 1360, 1361-1362 [2017]). The issue of extraordinary circumstances may well have been addressed at the court appearance where the parties agreed to the terms of the 2013 order but, because a transcript of that appearance is not included in the record, we cannot be certain of that. However, this Court can review the record and make a finding of extraordinary circumstances "upon an adequately developed record" (Matter of Ramos v Ramos, 75 AD3d 1008, 1010 [2010]; see Matter of Gunther v Brown, 148 AD3d 889, 890 [2017]). The incarcerated father consented to the 2013 order that placed the child in the grandmother's care, the child has remained there and, despite complaining that he has not had input into significant decisions regarding the child's care, the father waited three years before filing the present petition to seek a greater custodial role. There has accordingly been an extended disruption of custody that warrants a finding of extraordinary circumstances (see Domestic Relations Law § 72 [2] [a]; Matter of William O. v Wanda A., 151 AD3d 1189, 1191 [2017], lv denied 30 NY3d 902 [2017]; Matter of Donna SS. v. Amy TT., 149 AD3d 1211, 1213 [2017]).
Extraordinary circumstances being present, the question turns to whether the father articulated the requisite change in circumstances since the entry of the 2013 order. While "[a] petition filed by a pro se litigant should be construed liberally when considering whether it sufficiently allege[s] a change in circumstances" (Matter of Horowitz v Horowtiz, 154 AD3d at 1207-1208), a modification petition must still "allege facts which, if established, would afford a basis for relief and the party seeking such a modification must make a sufficient evidentiary showing in order to warrant a hearing" (Matter of William O. v John A., 148 AD3d at 1259 [internal quotation marks and citations omitted]; see Matter of Hayes v Hayes, 128 AD3d 1284, 1285 [2015]; Matter of Audrey K. v Carolyn L., 294 AD2d 624, 624 [2002]). The father failed to make such a showing here.
The father filed his modification petition seeking sole custody two years prior to his conditional release date from prison, and his incarceration prevents him from taking physical custody of the child. "Although a parent's incarceration, standing alone, is not a sufficient basis upon which to deny visitation," we find no abuse of discretion in Family Court's dismissal of the petition for sole custody without prejudice to the father filing a new petition seeking the same relief as his release from prison draws nearer (Matter of Randy K. v Evelyn ZZ., 263 AD2d 624, 625 [1999] [internal quotation marks, citation and emphasis omitted]); see Van Orman v Van [*3]Orman, 19 AD3d 1167, 1168 [2005]).
Garry, P.J., Egan Jr., Lynch and Clark, JJ., concur.
ORDERED that the order is affirmed, without costs.