Matter of Maerz v Maerz (2018 NY Slip Op 07009)





Matter of Maerz v Maerz


2018 NY Slip Op 07009


Decided on October 18, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 18, 2018


[*1]In the Matter of DEBORAH S. MAERZ, Respondent,
v
JACQUELINE L. MAERZ, Appellant, et al., Respondent. (Proceeding No. 1.)
In the Matter of JACQUELINE L. MAERZ, Appellant,
v
DEBORAH S. MAERZ, Respondent, et al., Respondent. (Proceeding No. 2.) (And Two Other Related Proceedings.)

Calendar Date: September 4, 2018

Before: McCarthy, J.P., Devine, Aarons, Rumsey and

Pritzker, JJ.

Michelle I. Rosien, Philmont, for appellant.
Carman M. Garufi, Binghamton, for Deborah S. Maerz, respondent.
Lisa A. Natoli, Norwich, attorney for the child.



MEMORANDUM AND ORDER
Rumsey, J.
Appeal from an order of the Family Court of Broome County (Connerton, J.), entered May 4, 2017, which, among other things, dismissed petitioner's application, in proceeding No. 2 pursuant to Family Ct Act article 6, for modification of a prior order of custody.
Jacqueline L. Maerz (hereinafter the mother) and respondent Michael P. Torres (hereinafter the father) are the parents of one child (born in 2008). In April 2014, Family Court [*2]granted sole custody of the child to her maternal grandmother, Deborah S. Maerz (hereinafter the grandmother) and awarded visitation to both parents. In December 2015, the grandmother filed a petition alleging that the mother violated the court order by refusing to return the child after a visit. Thereafter, the mother filed a petition for modification of the April 2014 order seeking sole legal and primary physical custody of the child [FN1]. Family Court held a trial and, after conducting a Lincoln hearing, determined, among other things, that the mother had failed to meet her burden of demonstrating that there was a change in circumstances. The court, among other things, dismissed the mother's modification petition and continued sole custody of the child with the grandmother with a modified visitation schedule for the mother [FN2]. The mother appeals.
"When a parent seeks to regain custody from a nonparent, he or she is required to prove a change in circumstances where, as here, there was a previous finding of extraordinary circumstances. Assuming this threshold requirement of showing that a change in circumstances has been met, the parent then must show that modification of the underlying order is necessary to ensure the child's continued best interests" (Matter of Audreanna VV. v Nancy WW., 158 AD3d 1007, 1008-1009 [2018] [internal quotation marks, ellipsis, brackets and citations omitted]; see Matter of Catherine A. v Susan A., 155 AD3d 1360, 1361 [2017]). Family Court erred when it found that the mother failed to demonstrate a change in circumstances. In the April 2014 order, the court found that extraordinary circumstances existed and awarded sole custody to the grandmother based largely on the mother's substance abuse and her incarceration in Wisconsin for driving at a high rate of speed while texting when the child was in her vehicle. The mother thereafter continued a relationship with Eric Hyde, to whom she is now engaged. They live with their child — who was two years old at the time of trial — in a three-bedroom, two-story home with a large yard on a cul de sac owned by Hyde where, during visits, the child has her own bedroom. At trial, the mother denied drug use and testified that she had been steadily employed for over three years at a position that allows her to be home with the child after school hours. Hyde also had stable employment and an appropriate relationship with the child. Such facts are sufficient to establish a change in circumstances, notwithstanding the fact that the acrimonious relationship between the mother and the grandmother had continued to deteriorate (see Matter of Catherine A. v Susan A., 155 AD3d at 1361).
Turning to the best interests analysis, " the pertinent factors to be considered are maintaining stability in the child's life, the quality of the respective home environments, the length of time the present custody arrangement has been in place and each party's past performance, relative fitness and ability to provide for and guide the child's intellectual and emotional development" (Matter of Mary D. v Ashley E., 158 AD3d 1022, 1024 [2018] [internal quotation marks and citations omitted]). Although Family Court did not expressly conduct a best interests analysis — due to its determination that the mother had failed to establish a change in circumstances — it articulated the applicable standards and made factual findings related thereto. We have also independently reviewed the record and find that it is in the child's best interests to continue custody with the grandmother (see Matter of Williams v Rolf, 144 AD3d 1409, 1414 [2016]).
As noted by Family Court, the child has resided with the grandmother for most of her life. Specifically, she had resided continuously with the grandmother since January 2013 — more than four years — and had also previously resided with the maternal grandparents from September 2008 through March 2012 and on weekends thereafter for an additional year. During those times, the grandmother consistently maintained a stable home environment for the child. By contrast, although the mother's situation had recently improved, her past performance endangered [*3]the child's safety and demonstrated an inability to properly provide a stable environment for the child. There was testimony that the mother raised her voice to discipline the child and used profanity to describe the child's behavior to others, and that she continued to engage in conduct placing her interests ahead of the child's. Family Court emphasized that the mother and the grandmother both engaged in conduct that led to the continued deterioration of their acrimonious relationship and encouraged them to learn to cooperate to prevent further harm to the child. Further, although not determinative, we note that there was testimony that the child preferred to continue living with the grandmother, and the father likewise evinced a desire that the grandmother continue to have sole custody. Thus, Family Court's determination to continue sole custody with the grandmother is supported by a sound and substantial basis in the record.
Finally, we note that the mother testified that she had difficulty in obtaining information about the child's health, education and extracurricular activities. We discern no reason why the mother should not have access to such information (see Matter of David J. v Leeann K., 140 AD3d 1209, 1212 [2016]; Matter of Deyo v Bagnato, 107 AD3d 1317, 1320 [2013], lv denied 22 NY3d 851 [2013]). Accordingly, we modify Family Court's order by directing that the mother shall have full access to the child's medical and school records, that the grandmother shall keep the mother promptly informed regarding all significant matters concerning the child, including the child's health, education and extracurricular activities, and that the mother shall be permitted to attend the child's school and extracurricular activities. In addition, if a medical emergency arises while the child is in the mother's care, the mother shall arrange for appropriate care and immediately inform the grandmother of the details of the incident and resulting care.
McCarthy, J.P., Devine, Aarons and Pritzker, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by providing Jacqueline L. Maerz with access to the child's medical and school records and the child's school and extracurricular activities and by authorizing Jacqueline L. Maerz to provide for the child's emergency medical care, as more fully set forth herein, and, as so modified, affirmed.



Footnotes

Footnote 1: The mother also subsequently filed two petitions alleging that the grandmother had violated the prior custody order.

Footnote 2: The father appeared at trial. The order did not modify his visitation schedule, and he did not submit a brief on appeal. He maintains a cordial relationship with the grandmother and regularly exercises his visitation with the child.