Matter of Sweeney v Daub-Stearns (2018 NY Slip Op 07989)





Matter of Sweeney v Daub-Stearns


2018 NY Slip Op 07989


Decided on November 21, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 21, 2018

525431

[*1]In the Matter of JENNIFER SWEENEY, Appellant,
v
KATHLEEN DAUB-STEARNS et al., Respondents. (And Another Related Proceeding.)

Calendar Date: October 9, 2018

Before: McCarthy, J.P., Devine, Mulvey, Rumsey and 

 Pritzker, JJ.

John Ferrara, Monticello, for appellant.
Michael C. Ross, Bloomingburg, attorney for the child.



MEMORANDUM AND ORDER
Rumsey, J.
Appeal from an order of the Family Court of Sullivan County (Meddaugh, J.), entered June 1, 2017, which dismissed petitioner's application, in two proceedings pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation.
Petitioner (hereinafter the mother) and respondent Matthew Daub (hereinafter the father) are the parents of two children (born in 2005 and 2009). In November 2011, due to their ongoing struggles with substance abuse and periods of incarceration, the parents consented to the appointment of permanent guardians for both children. Respondent Kathleen Daub-Sterns (hereinafter the grandmother), the paternal grandmother who lived in Vermont, was appointed guardian of the younger child. Both parents were awarded parenting time with the children. In 2013, the mother commenced, as relevant here, a proceeding to modify the guardianship order, alleging that her successful recovery from her substance abuse issues warranted return of the younger child (hereinafter the child) to her custody. After a hearing, Family Court concluded that extraordinary circumstances existed and determined that it was in the child's best interests to remain in the custody of the grandmother. We affirmed (Matter of Sweeney v Sweeney, 127 AD3d 1259 [2015]). In April 2016, the mother filed a modification petition seeking additional visitation and, in August 2016, she filed a petition seeking sole custody of the child. The mother [*2]alleged that there had been a change in circumstances because she had stopped abusing drugs, had full-time employment, lived in her own home, owned a vehicle, was no longer on probation and had no court cases pending against her. After a trial and a Lincoln hearing, Family Court dismissed the mother's petitions, finding that extraordinary circumstances existed and that it was in the best interests of the child to remain in the custody of the grandmother. The mother appeals.
Initially, we agree with the mother that Family Court erred in basing its threshold determination on the existence of extraordinary circumstances rather than considering whether the mother had shown a change in circumstances. "When a parent seeks to regain custody from a nonparent, he or she is required to prove a change in circumstances where, as here, there was a previous finding of extraordinary circumstances. Assuming this threshold requirement of showing that a change in circumstances has been met, the parent then must show that modification of the underlying order is necessary to ensure the child's continued best interests" (Matter of Maerz v Maerz, ___ AD3d ___, ___, 2018 NY Slip Op 07009, * 1 [2018] [internal quotation marks and citations omitted]; see Matter of Ray v Eastman, 117 AD3d 1114, 1114 [2014]). Although the initial guardianship order was entered on consent, Family Court made a subsequent finding of extraordinary circumstances in 2013 based on the mother's refusal to acknowledge the child's special needs or her parental duties — as evidenced by her failure to attempt to secure either employment or a means of transportation and her plan to seek government assistance to support her family — and her consistent violation of the terms of her probation (see Matter of Sweeney v Sweeney, 127 AD3d at 1260-1261).
Although Family Court made no explicit finding regarding whether a change in circumstances had occurred, we may independently review the record and make that determination (see Matter of Dorsey v De'Loache, 150 AD3d 1420, 1421 [2017]). In that regard, we note that Family Court found that the mother
had not abused drugs for two years, she maintained steady, full-time employment and suitable housing, she had recently contacted the child's doctors to familiarize herself with his behavioral issues and medications and she had created a bond with him by maintaining a presence in his life. These findings are sufficient to establish a change in circumstances (see Matter of Catherine A. v Susan A., 155 AD3d 1360, 1361 [2017]).
We further conclude that the record supports Family Court's finding that it was in the child's best interests to remain in the custody of the grandmother. "Factors to be considered in a best interests analysis include maintaining stability in the child's life, the quality of the respective home environments, the length of time the present custody arrangement has been in place and each party's past performance, relative fitness and ability to provide for and guide the child's intellectual and emotional development" (Matter of Nevaeh MM. [Sheri MM.—Charles MM.], 158 AD3d 1001, 1003—1004 [2018] [internal quotation marks and citations omitted]). Family Court noted that the child had resided with the grandmother for six years and that they had developed a close and nurturing relationship. During that time, the grandmother was solely responsible for ensuring that the child received educational resources and medical care appropriate for his special needs. The court further found that the mother did not take affirmative steps to familiarize herself with the child's medical needs or behavioral issues until she filed the petition seeking sole custody, and that she had not consistently administered the child's prescribed medications while he was in her care. Finally, the court found that the grandmother had demonstrated a willingness to foster a relationship between the child and the mother by, among other things, making the lengthy drive between their residences on a monthly [*3]basis to enable the mother to exercise visitation with the child in her own home. Based on this evidence, we find that Family Court's custody determination is supported by the record. The mother's remaining contention lacks merit.
McCarthy, J.P., Devine, Mulvey and Pritzker, JJ., concur.
ORDERED that the order is affirmed, without costs.