Matter of Linda AA. v Robert AA. (2019 NY Slip Op 05606)





Matter of Linda AA. v Robert AA.


2019 NY Slip Op 05606


Decided on July 11, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 11, 2019

526833

[*1]In the Matter of LINDA AA., Appellant,
v
ROBERT AA., Respondent.

Calendar Date: June 3, 2019

Before: Garry, P.J., Lynch, Clark, Devine and Aarons, JJ.


Linda AA., Ithaca, appellant pro se.
The Donald J. Martin Law Firm, Syracuse (Rebecca L. Konst of D.J. & J.A. Cirando, PLLC, Syracuse, of counsel), for respondent.



MEMORANDUM AND ORDER
Lynch, J.
Appeals from two orders of the Family Court of Tompkins County (Cassidy, J.), entered April 9, 2018 and April 13, 2018, which, in a proceeding pursuant to Family Ct Act article 6, granted respondent's motion to dismiss the petition.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the divorced parents of two children (born in 1996 and 2005)[FN1]. The father commenced a divorce action in 2009 and, following a protracted hearing on custody, he was awarded sole legal and primary physical custody of the younger child (hereinafter the child), a determination that this Court affirmed on appeal. In February 2017, the mother filed a modification petition seeking sole legal custody and primary placement of the child. Finding that she failed to show a change in circumstances, Family Court dismissed the petition without conducting a hearing. This Court affirmed that order.
While that appeal was pending, the mother filed an application denominated an "Emergency Petition for Sole Legal Physical Custody, Contempt, Lincoln Hearing," asserting that the father had kidnapped the child on February 7, 2018 when he cut the visitation short by two hours. As Family Court recognized, the parties communicated by email to address the drop-off and the pick-up times for the child that day, with the father advising in advance that he would pick the child up at 6:00 p.m. instead of 8:00 p.m., as required in the supplemental custody order issued in March 2013. This timing discrepancy cannot reasonably be characterized as creating an emergency or as kidnapping. We otherwise agree with Family Court's determination that petitioner failed to allege facts that would demonstrate a change in circumstances sufficient to warrant a fact-finding hearing (see Matter of Jennifer B. v Mark WW., 159 AD3d 1087, 1088-1089 [2018]; Matter of Horowitz v Horowitz, 154 AD3d 1207, 1208 [2017]). Notably, although [*2]not determinative, the attorney for the child agrees that the petition was properly dismissed. We have reviewed petitioner's remaining claims and find them without merit.
Garry, P.J., Clark, Devine and Aarons, JJ., concur.
ORDERED that the orders are affirmed, without costs.



Footnotes

Footnote 1: This proceeding involves only the younger child.