# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

**577**

**CAF 12-00601**

PRESENT: SCUDDER, P.J., SMITH, CENTRA, AND LINDLEY, JJ.

---

IN THE MATTER OF DANIEL F. KENNEDY,
PETITIONER-APPELLANT,

V                                              MEMORANDUM AND ORDER

ASHLEY LAUREN KENNEDY, RESPONDENT-RESPONDENT.
-----------------------------------------------
KRISTIN KOZLOWSKI, ESQ., ATTORNEY FOR THE
CHILDREN, APPELLANT.

---

BERNADETTE M. HOPPE, BUFFALO, FOR PETITIONER-APPELLANT.

KRISTIN KOZLOWSKI, ATTORNEY FOR THE CHILDREN, CHEEKTOWAGA, APPELLANT
PRO SE.

EUGENE P. ADAMS, BUFFALO, FOR RESPONDENT-RESPONDENT.

---

Appeals from an order of the Family Court, Erie County (Tracey A. Kassman, R.), entered March 19, 2012 in a proceeding pursuant to Family Court Act article 6. The order, among other things, designated respondent the primary residential custodian of the subject children.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the matter is remitted to Family Court, Erie County, for further proceedings in accordance with the following Memorandum: Petitioner father and the Attorney for the Children (hereafter, appellants) appeal from an order in a proceeding pursuant to Family Court Act article 6 that, inter alia, awarded primary physical custody of the parties' two children to respondent mother. Appellants contend that Family Court's determination lacked a sound and substantial basis in the record, that the court relied on a flawed expert evaluation, that the court failed to consider all of the factors in determining the best interests of the children, and that the court misapplied the standard set forth in *Tropea v Tropea* (87 NY2d 727) in reaching its determination. We conclude that the expert's report relied upon by the court was of " 'limited utility' " inasmuch as it highlighted challenges faced by the father and downplayed similar challenges faced by the mother (*Matter of Dobies v Brefka*, 83 AD3d 1148, 1151-1152). We reject appellants' remaining contentions. In any event, this Court has been advised of facts and circumstances that have changed during the pendency of the appeal, and we therefore conclude that "the record before us is no longer sufficient for determining [the mother's] fitness and right" to primary physical custody of the children (*Matter*

*of Michael B.*, 80 NY2d 299, 318). Specifically, in deciding the custody issue in the mother's favor, the court relied on evidence that the mother had become self-supporting and was living in her own apartment. We have now been informed, however, that the mother has since lost her job and her apartment and has moved in with her own mother. We therefore reverse the order and remit the matter to Family Court for an expedited hearing on the issue whether the alleged change of circumstances affects the best interests of the children.

Entered: June 28, 2013

Frances E. Cafarell
Clerk of the Court