# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

736.1
CAF 13-01398
PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, VALENTINO, AND DEJOSEPH, JJ.

---

IN THE MATTER OF BRANDON L. GUNN,
PETITIONER-RESPONDENT,

V                                        MEMORANDUM AND ORDER

RACHAEL S. GUNN, RESPONDENT-APPELLANT.

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (ELIZABETH deV. MOELLER OF COUNSEL), FOR RESPONDENT-APPELLANT.

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (RUPAK R. SHAH OF COUNSEL), FOR PETITIONER-RESPONDENT.

COURTNEY S. RADICK, ATTORNEY FOR THE CHILDREN, OSWEGO.

------------------------------------------------------------------------

Appeal from an order of the Family Court, Onondaga County (Salvatore Pavone, R.), entered July 25, 2013 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, awarded petitioner sole legal and primary physical custody of the parties' children.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, and the matter is remitted to Family Court, Onondaga County, for further proceedings in accordance with the following memorandum: Respondent mother appeals from an order entered in July 2013 that, inter alia, awarded petitioner father sole legal and primary physical custody of the parties' children and granted visitation to the mother. The mother contends that the award of custody to the father was not in the children's best interests, that Family Court improperly excluded hearsay statements of the children that related to abuse and neglect, and that she was denied effective assistance of counsel. The Attorney for the Children (AFC), who did not file a notice of appeal, submitted a brief contending that the award of custody to the father should be reversed based on a change of circumstances since entry of the order and because it is in the best interests of the children to live with the mother, and that the children were denied effective assistance of counsel because their trial attorney did not file a notice of appeal.

The AFC has submitted new information to this Court that the children have been living with the mother in Maryland since December 2014, apparently upon the father's consent. In addition, the AFC and the mother note that the father's living arrangement has changed. It is well settled that "we may 'take notice of . . . new facts and

allegations to the extent they indicate that the record before us is no longer sufficient for determining [the father's] fitness and right to [sole legal and primary physical custody] of [the children]' " (*Matter of Nichols v Nichols-Johnson*, 78 AD3d 1679, 1680, quoting *Matter of Michael B.*, 80 NY2d 299, 318; *see Matter of Kennedy v Kennedy*, 107 AD3d 1625, 1626).  Given the above new information, we reverse the order and remit the matter to Family Court "for an expedited hearing on the issue whether the alleged change in circumstances affects the best interests of the children" (*Kennedy*, 107 AD3d at 1626; *see Matter of Bosque v Blazejewski-D'Amato*, 123 AD3d 704, 705).  In light of our determination, we do not consider the contentions of the mother or the remaining contention of the AFC.

Entered:  June 12, 2015                    Frances E. Cafarell
                                           Clerk of the Court