◼ In the Matter of Tamika B., Appellant, v Pamela C., Respondent, et al., Respondent. [56 NYS3d 616]—

Rose, J. Appeal from an order of the Family Court of Broome County (Young, J.), entered March 29, 2016, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

Petitioner (hereinafter the mother) and respondent Brandon D. (hereinafter the father) are the married, but separated, parents of two children (born in 2006 and 2008). In April 2014, when the mother was facing felony criminal charges and involved in an abusive relationship with the father of a younger child who is not the subject of this proceeding, she requested that respondent Pamela C., the children's paternal grandmother (hereinafter the grandmother), take the children to reside with the grandmother in Ohio. The mother was then sentenced to a period of incarceration and served part of that sentence at the Willard drug treatment program. In December 2014, while the mother was still at Willard, the parties consented to an order whereby the mother, the father and the grandmother shared joint legal custody of the children, with primary physical custody awarded to the grandmother. In June 2015, after the mother was released to parole supervision, she commenced this proceeding seeking primary physical custody of the children. Following a fact-finding hearing, Family Court continued the children's physical placement with the grandmother and set forth a schedule of visitation for the mother. The mother now appeals.

The mother and the attorney for the children contend that Family Court erred in continuing physical placement of the children with the grandmother in the absence of a finding that extraordinary circumstances exist. We agree (*see Matter of Rush v Roscoe*, 99 AD3d 1053, 1054 [2012]; *Matter of Ramos v Ramos*, 75 AD3d 1008, 1010 [2010]; *Matter of Moore v St. Onge*, 307 AD2d 421, 422 [2003]), and we are mindful that we have the power to conduct an independent review of the record and determine, upon a fully developed record, whether extraordinary circumstances exist (*see Matter of Roth v Messina*, 116 AD3d 1257, 1258-1259 [2014]; *Matter of Ramos v Ramos*, 75 AD3d at 1010). However, we have been informed of a new felony drug-related criminal charge against the mother, which "indicate[s] that the record before us is no longer sufficient for determining" the custody issues presented in this case (*Matter of Michael B.*, 80 NY2d 299, 318 [1992]; *see Matter of Gunn v Gunn*, 129 AD3d 1533, 1534 [2015]; *Gillis v Gillis*, 113 AD3d 816, 817 [2014]). Thus, in light of the fact that an extraordinary circumstances analysis "must consider the cumulative effect of all issues present in a given case" (*Matter of Peters v Dugan*, 141 AD3d 751, 753 [2016] [internal quotation marks and citations omitted]), and that the new facts relate directly to the circumstances that precipitated the children leaving the mother's care and residing with the grandmother, we reverse Family Court's order and remit the proceeding to Family Court

for an expedited, reopened hearing on the issue of whether extraordinary circumstances exist and, if so, what physical custody arrangement is in the best interests of the children (*cf. Matter of Gunn v Gunn*, 129 AD3d at 1534; *Matter of Nichols v Nichols-Johnson*, 78 AD3d 1679, 1680 [2010]; *Matter of Chow v Holmes*, 63 AD3d 925, 926 [2009]). Pending such further proceedings, the terms of the March 2016 order shall remain in effect as a temporary order.

Finally, in light of the attorney for the children's contention that the children's attorney at the fact-finding hearing was ineffective for failing to request a *Lincoln* hearing, we find that, upon remittal, Family Court must make a determination as to whether a *Lincoln* hearing is warranted (*see generally Matter of Angela F. v Gail WW.*, 113 AD3d 889, 890 [2014]).

Garry, J.P., Lynch, Clark and Aarons, JJ., concur. Ordered that the order is reversed, on the facts, without costs, and matter remitted to the Family Court of Broome County for further proceedings not inconsistent with this Court's decision, and, pending said proceedings, the terms of said order shall remain in effect on a temporary basis.