Matter of Loretta RR. v Maryann SS. (2018 NY Slip Op 02373)





Matter of Loretta RR. v Maryann SS.


2018 NY Slip Op 02373


Decided on April 5, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 5, 2018

523797

[*1]In the Matter of LORETTA RR., Appellant,
v
MARYANN SS. et al., Respondents.

Calendar Date: February 13, 2018

Before: McCarthy, J.P., Lynch, Clark, Aarons and Pritzker, JJ.


Renee J. Albaugh, Delhi, for appellant.
Carman M. Garufi, Binghamton, attorney for the child.


Clark, J.

MEMORANDUM AND ORDER
Appeal from an order of the Family Court of Broome County (Connerton, J.), entered August 23, 2016, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for custody of the subject child.
Respondent Maryann SS. (hereinafter the mother) and Lawrence TT. (hereinafter the father) are the biological parents of one child (born in 2013). The father and petitioner were in a relationship with one another when the child was conceived and had custody of the child with no objection or involvement from the mother. When the father died in early 2016, the child initially remained in the care of petitioner. In April 2016, a caseworker with respondent Broome County Department of Social Services (hereinafter DSS) visited petitioner's home and found a note on the door indicating that petitioner had taken the child to New York City to prepare to move to South Carolina. Assisted
by law enforcement, the South Carolina Department of Social Services subsequently located the child and placed her in overnight foster care in South Carolina allowing for DSS caseworkers from New York to retrieve the child and bring her back to New York. Upon doing so, DSS placed the child in foster care in New York and arranged for visitation between petitioner and the child. As a result of petitioner's flight from this state with the child who she had no legal custody of or biological relationship with, an ongoing DSS investigation was indicated against petitioner for inadequate guardianship.
Petitioner then commenced this proceeding pursuant to Family Ct Act article 6 for custody of the child, and the child's foster parents also filed a custody petition. In turn, DSS filed a petition to adjudicate the subject child to be a destitute child. Following a fact-finding hearing [*2]on petitioner's custody petition, Family Court found that petitioner lacked a stable home environment to raise the child and dismissed her petition for custody. Petitioner now appeals.
Petitioner argues, among other things, that Family Court failed to utilize the extraordinary circumstances analysis applicable to a custody dispute involving a nonparent and that she has demonstrated that extraordinary circumstances exist and that it is in the child's best interests to be in her care. "It is well settled that a parent has a claim of custody of his or her child, superior to that of all others, in the absence of surrender, abandonment, persistent neglect, unfitness, disruption of custody over an extended period of time or other extraordinary circumstances" (Matter of Battisti v Battisti, 121 AD3d 1196, 1196-1197 [2014] [internal quotation marks and citations omitted]; accord Matter of Mildred PP. v Samantha QQ., 110 AD3d 1160, 1161 [2013]). A nonparent seeking custody of a child bears the burden to establish extraordinary circumstances (see Domestic Relations Law § 72 [2]; Matter of Mildred PP. v Samantha QQ., 110 AD3d at 1161; Matter of Ramos v Ramos, 75 AD3d 1008, 1010 [2010]). If a showing of extraordinary circumstances has been made, the relevant inquiry becomes the child's best interests (see Matter of Shaver v Bolster, 155 AD3d 1368, 1369 [2017]; Matter of Renee DD. v Saratoga County Dept. of Social Servs., 154 AD3d 1131, 1131 [2017]). Family Court made no threshold finding of extraordinary circumstances that would have then permitted consideration of whether it would be in the best interests of the child to be in the custody of petitioner. There is also no indication in the record that a prior finding of extraordinary circumstances had been made, and Family Court considered only whether petitioner maintained a stable home environment in which to raise the child.
While we are mindful that we have the authority to conduct an independent review of an adequately developed record and determine whether extraordinary circumstances exist, we decline to do so here. During the pendency of this appeal, we were provided with a subsequent October 6, 2017 order in which Family Court, among other things, placed the child in the custody of DSS, which now supports placement of the child in the custody of petitioner, and denied the foster parents' petition for custody. In so ordering, Family Court indicated that petitioner "appears to have demonstrated stability and has remained extremely committed to the child" and that the child "is very bonded to [petitioner]" and "thriving in her care." "[I]n light of the fact that an extraordinary circumstances analysis 'must consider the cumulative effect of all issues present in a given case'" (Matter of Tamika B. v Pamela C., 151 AD3d 1220, 1221 [2017], quoting Matter of Peters v Dugan, 141 AD3d 751, 753 [2016] [internal quotation marks and citations omitted]; see Matter of Heather U. v Janice V., 152 AD3d 836, 839 [2017]; Matter of Marcia ZZ. v April A., 151 AD3d 1303, 1304 [2017]), we find that this new information indicates that the record before us is no longer sufficient to permit intelligent appellate review of the underlying custody determination in this case (see Matter of Michael B., 80 NY2d 299, 318 [1992]; Matter of Tamika B. v Pamela C., 151 AD3d at 1221; Matter of McArdle v McArdle, 1 AD3d 822, 823 [2003]; cf. Matter of Gunn v Gunn, 129 AD3d 1533, 1534 [2015]). Accordingly, we reverse Family Court's order and remit the matter for further proceedings, including the receipt of additional evidence from the parties, if Family Court so advises, and Family Court must determine first whether petitioner demonstrated extraordinary circumstances, and, if so, then consider the best interests of the child (see Matter of Tamika B. v Pamela C., 151 AD3d at 1221-1222).
McCarthy, J.P., Lynch, Aarons and Pritzker, JJ., concur.
ORDERED that the order is reversed, on the law and the facts, without costs, and matter [*3]remitted to the Family Court of Broome County for further proceedings not inconsistent with this Court's decision.