People v Rodriguez (2020 NY Slip Op 00827)





People v Rodriguez


2020 NY Slip Op 00827


Decided on February 4, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 4, 2020

Friedman, J.P., Renwick, Manzanet-Daniels, Singh, González, JJ.


10947 4136/14

[*1] The People of the State of New York, Respondent,
v
Jose Rodriguez, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Mark W. Zeno of counsel), and Hughes Hubbard & Reed LLP, New York (James Henseler of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Jonathon Krois of counsel), for respondent.



Judgment, Supreme Court, New York County (Gregory Carro, J.), rendered December 9, 2015, convicting defendant, after a jury trial, of attempted assault in the first degree and assault in the second degree, and sentencing him to an aggregate term of seven years, unanimously affirmed.
The record fails to support defendant's claim that the People called the victim, who was defendant's girlfriend, to the witness stand impermissibly and in bad faith (see generally People v Russ, 79 NY2d 173, 178 [1992]) for the sole or primary purpose of impeaching her with prior inconsistent statements in which she had implicated defendant in the assault. Even assuming that the prosecutor had no genuine expectation that the victim would directly implicate defendant at trial, we find no prosecutorial bad faith because the victim provided direct testimony as to other important matters, independent of the prior inconsistent statements that were introduced for impeachment purposes (see People v Berry, 27 NY3d 10, 16-17 [2016]). Most significantly, although the victim testified that her injuries were self-inflicted, her testimony indicated that defendant was in the apartment with her at the time the assault was alleged to have occurred, and she specifically described discovering a suggestive text which she believed was from another woman on his phone, asking defendant about it, and becoming upset — circumstances that the People sought to show precipitated the assault. The victim was the sole source of evidence of the text incident, and to the extent additional relevant matters contained in her testimony could be established by other evidence, the People were not required to limit their proof to such other evidence. In any event, even if the victim had not testified at trial, defendant's guilt would still have been established by overwhelming evidence, including extensive medical evidence.
The court providently exercised its discretion in receiving evidence of an uncharged assault committed by defendant against the victim approximately 18 months before the incident at issue. This was admissible as background information to show "the nature of the relationship" between defendant and the victim (People v Leonard, 29 NY3d 1, 7 [2017]), that is, the abusive, domestic-violence aspect of the relationship (see People v Dorm, 12 NY3d 16, 19 [2009]; People v Levasseur, 133 AD3d 411 [1st Dept 2015], lv denied 27 NY3d 1001 [2016]), rather than the relationship's mere existence. The probative value of the evidence outweighed any potential prejudice, which the court minimized by way of a limiting instruction.
However, we agree with defendant that the victim's testimony regarding the uncharged assault was not affirmatively damaging to the People's case, and therefore that the court erred in permitting the prosecution to impeach her with a police report containing her description of that assault (see People v Fitzpatick, 40 NY2d 44, 48-50 [1976]). Nevertheless, we find this error to be harmless.
Defendant's right to counsel was not violated by his lawyer's absence from an ex parte conference whose subject was whether the victim would appear to testify in response to a subpoena (see People v Fermin, 150 AD3d 876, 878 [2d Dept 2017], lv denied 30 NY3d 1060 [*2][2017]). The incidental mention, by the victim's counsel, of the possibility that the victim would invoke her Fifth Amendment privilege — neither solicited nor pursued by the trial court — did not implicate a substantive issue requiring the presence of defense counsel (see People v Rahman, 137 AD3d 523, 524-25 [1st Dept 2016], lv denied 28 NY3d 935 [2016]).
We perceive no basis for reducing the sentence.
We have considered defendant's remaining claims, including those relating to a business record, the People's domestic violence expert, and the court's jury instructions on prior inconsistent statements, and we find that none of these claims warrant reversal.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 4, 2020
CLERK