Matter of Sarah KK. v Roderick LL. (2020 NY Slip Op 02685)





Matter of Sarah KK. v Roderick LL.


2020 NY Slip Op 02685


Decided on May 7, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 7, 2020

527022

[*1]In the Matter of Sarah KK., Appellant,
v
Roderick LL., Respondent.

Calendar Date: March 24, 2020

Before: Clark, J.P., Mulvey, Devine, Pritzker and Colangelo, JJ.


Aaron A. Louridas, Delmar, for appellant.
Rufus E. Burgess, Jacksonville, for respondent.
Donna C. Chin, New York City, attorney for the children.



Devine, J.
Appeal from an order of the Family Court of Broome County (Young, J.), entered June 8, 2018, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of two children (born in 2009 and 2010). Pursuant to a 2015 order, the father had sole legal and physical custody of the children and the mother was granted supervised visitation and telephonic contact. The mother filed a modification petition in 2017, seeking sole custody of the children or, in the alternative, expanded and unsupervised parenting time. Following a hearing, Family Court made limited modifications to the custodial arrangement but maintained the award of sole legal and physical custody to the father. The mother appeals.
We affirm. In the wake of the 2015 order, child protective officials became involved with the father due to his alcohol use, and his estranged wife began caring for the children as a temporary safety measure. As Family Court found, those and other developments constituted a change in circumstances warranting an assessment of whether modification of the existing custodial arrangement would be in the best interests of the children (see Matter of Sean Q. v Sarah Q., 156 AD3d 1173, 1174 [2017]; Matter of Bradley D. v Andrea D., 144 AD3d 1417, 1418-1419 [2016]). In discerning those interests, the factors to be considered include "the past performance and relative fitness of the parents, [each parent's] willingness to foster a positive relationship between the child[ren] and the other parent, their fidelity to prior court orders and their ability to both provide a stable home environment and further the child[ren]'s overall well-being" (Matter of Carrie ZZ. v Aaron YY., 178 AD3d 1291, 1292 [2019]; see Matter of Daniel XX. v Heather WW., 180 AD3d 1166, 1166 [2020]).
Although doubts were raised about the father's fitness by his involvement with child protective officials, the evidence showed that said involvement was informal and eventually ended with the father resuming care for the children after completing all recommended treatment programs. Aside from problems in facilitating visitation that even the mother admitted had improved by the time that she filed the modification petition, the record gives little other reason to question the father's abilities as a custodial parent. In contrast, the mother had difficulty maintaining a stable residence, and it was unknown whether her newest residence was suitable for the children. There were serious concerns about the company the mother kept, such as a frequent guest at her former residence that she angrily refused to identify when asked by the caseworker and acknowledged, in her hearing testimony, was a gang member. Domestic violence has also figured into many of the mother's romantic relationships, and she rebuffed recommendations to resume domestic violence and mental health counseling. The proof further reflected that the mother lacked insight into the special needs of one of the children, inappropriately discussed the father with them and proved unable to manage their behavior without assistance from the visitation supervisor. After considering this evidence, and deferring to the credibility assessments of Family Court, we discern a sound and substantial basis in the record for its determination that the award of sole legal and physical custody to the father should continue with minor adjustments (see Matter of Eliza JJ. v Felipe KK., 173 AD3d 1285, 1286-1287 [2019]; Matter of Hissam v Hissam, 84 AD3d 1513, 1515 [2011], lv dismissed and denied 17 NY3d 855 [2011]).
Finally, having failed to take an appeal from the order, the attorney for the children may not seek affirmative modifications to the terms of supervised visitation (see Matter of Carrie ZZ. v Aaron YY., 178 AD3d at 1293; Matter of Hoppe v Hoppe, 165 AD3d 1422, 1426 n [2018], lvs denied 32 NY3d 912, 913 [2019]). The mother's belated attempt to join in those arguments is unavailing, as issues raised by an appealing party for the first time in his or her reply brief are not properly before us (see Matter of Deuel v Dalton, 33 AD3d 1158, 1159 [2006]).
Clark, J.P., Mulvey, Pritzker and Colangelo, JJ., concur.
ORDERED that the order is affirmed, without costs.