People v Khudan (2020 NY Slip Op 05530)





People v Khudan


2020 NY Slip Op 05530


Decided on October 7, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 7, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2006-08593
 (Ind. No. 1256/05)

[*1]The People of the State of New York, respondent,
v
Ramesh Khudan, appellant.


Paul Skip Laisure, New York, NY (Yvonne Shivers of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Gamaliel Marrero of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Deborah Dowling, J.), rendered June 19, 2006, as amended July 31, 2006, convicting him of criminal mischief in the third degree, reckless driving, assault in the third degree, leaving the scene of an incident without reporting (two counts), criminal mischief in the fourth degree, reckless endangerment in the second degree (two counts), and aggravated unlicensed operation of a motor vehicle in the third degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment, as amended, is modified, on the law, by vacating the conviction of one count of reckless endangerment in the second degree (count 14 as charged to the jury), vacating the sentence imposed thereon, and dismissing that count; as so modified, the judgment, as amended, is affirmed.
On February 16, 2005, the defendant drove an SUV toward his former girlfriend and her former boyfriend and crashed into the former boyfriend's car. The defendant was charged in a 28-count indictment with offenses relating to this incident and other incidents. Upon a jury verdict, he was convicted of criminal mischief in the third degree and reckless endangerment in the second degree, among other things.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to support the defendant's conviction of criminal mischief in the third degree beyond a reasonable doubt. Contrary to the defendant's contention, the evidence was legally sufficient to establish that he damaged property of another person in an amount exceeding $250 (see Penal Law § 145.05[2]; People v Tucker, 113 AD3d 642, 643).
The Supreme Court providently exercised its discretion in permitting the defendant's ex-girlfriend to testify as to a previous incident between them. Contrary to the defendant's contention, such evidence was not propensity evidence, but rather it provided necessary background information on the nature of their relationship and placed the charged conduct in context (see People v Dorm, 12 NY3d 16, 19; People v Rodriguez, 180 AD3d 415; People v Martinez, 167 AD3d 781, 781-782). Moreover, the probative value of the evidence outweighed any potential prejudice, which [*2]the court minimized by way of a limiting instruction (see People v Dorm, 12 NY3d at 19; People v Rodriguez, 180 AD3d 415; People v Marji, 43 AD3d 961, 961).
Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in admitting into evidence a notebook without redacting certain writings contained therein (see generally People v Scarola, 71 NY2d 769, 777).
The People concede that two counts of reckless endangerment in the second degree, charged to the jury as counts 13 and 14, were multiplicitous as charged (see generally People v Alonzo, 16 NY3d 267, 269). Accordingly, we vacate the defendant's conviction of reckless endangerment in the second degree under count 14, vacate the sentence imposed thereon, and dismiss that count.
MASTRO, J.P., MALTESE, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court