Matter of Matthew DD. v Amanda EE. (2020 NY Slip Op 05997)





Matter of Matthew DD. v Amanda EE.


2020 NY Slip Op 05997


Decided on October 22, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 22, 2020

530331

[*1]In the Matter of Matthew DD., Petitioner,
v
Amanda EE., Appellant.

Calendar Date: September 14, 2020

Before: Garry, P.J., Clark, Devine, Pritzker and Colangelo, JJ.


Lisa K. Miller, McGraw, for appellant.
Christine A. McCue, Central Bridge, attorney for the child.



Devine, J.
Appeal from an order of the Family Court of Broome County (Pines, J.), entered October 15, 2019, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of visitation.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of a child (born in 2008). In September 2018, the parties consented to a custody order granting them joint legal custody of the child, with primary physical custody to the mother and the father having five hours of parenting time every Sunday. In April 2019, the father filed a modification petition seeking overnight parenting time based upon the mother's relocation. Following a fact-finding hearing, Family Court found that the father should be awarded overnight visitation on alternate weekends. The mother appeals, and this Court granted a stay pending appeal.
"Initially, the party seeking to modify an existing order of custody bears the threshold burden to show a change in circumstances since entry thereof warranting an inquiry into the child's best interests" (Matter of Ellen TT. v Parvaz UU., 178 AD3d 1294, 1295 [2019], lv denied 35 NY3d 905 [2020] [internal quotation marks and citations omitted]). Although Family Court did not expressly find that a change in circumstances had occurred, our independent review of the record reveals one in a relocation of both parties that negatively impacted the father's weekly five-hour visits with the child (see Matter of Dennis F. v Laura G., 177 AD3d 1110, 1111 [2019]; Matter of Bennett v Abbey, 141 AD3d 882, 885 [2016]).
Turning to the best interests of the child, the mother and the attorney for the child both argue that Family Court did not conduct an appropriate analysis, but "[a] court is not required to state explicitly that it is engaging in a best interest[s] analysis when the determination is properly based on consideration of these factors and on the needs and best interests of the child" (Matter of Schneider v Lascher, 72 AD3d 1417, 1418 [2010], lv denied 15 NY3d 708 [2010]). Family Court stated in its decision that its determination was based upon the child's "best interests" and considered the relevant factors, which "include each parent's relative fitness and past parenting performance, the duration of the prior custody arrangement, the child's wishes, the respective home environments, including the existence of domestic violence, and the likelihood of each parent to foster a relationship between the child and the other parent" (Matter of Kevin F. v Betty E., 154 AD3d 1118, 1120 [2017] [internal quotation marks and citations omitted]; see Matter of Kristen II. v Benjamin JJ., 169 AD3d 1176, 1177 [2019]). It accordingly appears that Family Court did conduct a best interests analysis, leaving the question of whether, after according appropriate deference to its credibility assessments, the resulting determination is supported by a sound and substantial basis in the record (see Matter of Sarah KK. v Roderick LL., 183 AD3d 943, 943-944 [2020], lv denied 35 NY3d 911 [2020]; Matter of Rebekah R. v Richard R., 176 AD3d 1340, 1343 [2019]).
In that regard, the father acknowledged being the subject of neglect proceedings in Onondaga County, but the record does not reveal the details of those proceedings and the father was unsure whether they were still active. The father went on to testify that he was gainfully employed and that he lived alone in a two-bedroom apartment that afforded the child a room of her own. Additionally, the father was no longer seeing a girlfriend who had to absent herself during his parenting time under the prior custody order. The attorney for the child further advised Family Court that the child enjoyed spending time with the father and had no objection to overnight visits. The mother testified that the father should ideally have more parenting time but that she did not trust his ability to safely care for the child, giving examples of his lackadaisical approach to parenting that included two incidents in which he gave the child old electronic devices but neglected to erase the pornography stored on them.
Family Court determined from the foregoing that both parents were capable of caring for the child and that, although the father's negligence in failing to erase the pornography from the electronic devices was disturbing, expanded visitation with the father would be in the child's best interests (see Matter of Fish v Manning, 300 AD2d 932, 933-934 [2002]; cf. Matter of Spiewak v Ackerman, 88 AD3d 1191, 1192 [2011]). A sound and substantial basis arguably exists in the record for that determination, although we are troubled by Family Court's lack of discussion regarding the neglect proceedings against the father (see e.g. Matter of Stephen G. v Lara H., 139 AD3d 1131, 1134 [2016], lv denied 27 NY3d 1187 [2016]). We need not resolve that question, however, as the attorney for the child advises us of subsequent developments showing that "the record before us is no longer sufficient for determining [the father's] fitness and right to" overnight visitation (Matter of Michael B., 80 NY2d 299, 318 [1992]; see Matter of Lopez v Reyes, 154 AD3d 756, 757 [2017]; Matter of Tamika B. v Pamela C., 151 AD3d 1220, 1221 [2017]). The attorney for the child asserts, without contradiction, that the father has moved into new lodgings with three or four roommates who are unknown to the child and who exhibit behaviors, such as silently staring at the child, that understandably discomfit her. It is further asserted that the child, who is now 12 years of age, is forced to share a bed with her father given the crowded conditions at his residence. Inasmuch as these developments raise questions about whether overnight visitation with the father is safe for the child, let alone in her best interests, we reverse and remit so that Family Court may conduct a new hearing and take them into account (see Matter of Michael B., 80 NY2d at 318; Matter of Lopez v Reyes, 154 AD3d at 757; Bruzzese v Bruzzese, 152 AD3d 563, 567 [2017], lv dismissed 30 NY3d 1035 [2017]; Matter of Gunn v Gunn, 129 AD3d 1533, 1534 [2015]).
Garry, P.J., Clark, Pritzker and Colangelo, JJ., concur.
ORDERED that the order is reversed, on the law and the facts, without costs, and matter remitted to the Family Court of Broome County for further proceedings not inconsistent with this Court's decision.