People v Baez (2020 NY Slip Op 05997)





People v Baez


2020 NY Slip Op 05997


Decided on October 22, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 22, 2020

Before: Renwick, J.P., Manzanet-Daniels, Gesmer, Oing, JJ. 


Ind No. 2454/16 2454/16 Appeal No. 12166 Case No. 2019-3139 

[*1]The People of the State of New York, Respondent,
v
Edwin Baez, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Claudia S. Trupp of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Ellen Stanfield Friedman of counsel), for respondent.



Judgment, Supreme Court, New York County (Michael J. Obus, J.), rendered June 30, 2017, convicting defendant, after a jury trial, of burglary in the first degree (two counts), assault in the second degree, and criminal contempt in the first and second degrees, and sentencing him, as a second felony offender, to an aggregate term of nine years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the sentences for the burglary convictions to concurrent terms of eight years, and otherwise affirmed.
The court properly admitted abusive text messages and voicemails, whose probative value exceeded any prejudicial effect. Defendant was charged with violating orders of protection that required him to avoid a former girlfriend, and with stabbing her adult son in the course of burglarizing the apartment building in which both the girlfriend and the son lived in May 2016. The court providently exercised its discretion in admitting text and voicemail messages from defendant to the woman in April 2015, in which he insulted her and threatened to use violence against her and her children, to provide background on the relationship, to place the charged events in a more believable context, and to establish defendant's motive and intent to harm the son (see e.g. People v Dorm, 12 NY3d 16 [2009]; People v Rodriguez, 180 AD3d 415, 416 [1st Dept 2020], lv denied 35 NY3d 973 [2020]). Under the circumstances of this case, the messages were highly relevant notwithstanding the passage of about a year. The court's thorough limiting instructions minimized any undue prejudice (see Dorm, 12 NY3d at 19). Moreover, any error was harmless in light of the overwhelming evidence of guilt (see People v Crimmins, 36 NY2d 230 [1975]).
Defendant's arguments that the court should not have allowed the son to testify about two uncharged incidents, one in which defendant stabbed the woman and another in which defendant pulled a knife on her son, are unpreserved, and we decline to review them in the interest of justice. As an alternative holding, we find that any error in the admission of those two incidents was harmless (see id.).
Defendant's challenge to the prosecutor's reading of the victim's statement at the sentencing proceeding is unpreserved (see People v Callahan, 80 NY2d 273, 281 [1992]), and we decline to review it in the interest of justice. As an alternative holding, we find that the court providently exercised its discretion in permitting the statement to be read (see People v Warren, 100 AD3d 1399, 1402 [4th Dept 2012]), and there was no violation of CPL 380.50(2)(f). In any event, defendant does not request a new sentencing proceeding, but only a reduced sentence.
We find the sentence excessive to the extent indicated.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 22, 2020