Matter of Broome County Dept. of Social Servs. v Royce Y. (2021 NY Slip Op 07592)





Matter of Broome County Dept. of Social Servs. v Royce Y.


2021 NY Slip Op 07592


Decided on December 30, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:December 30, 2021

532144
[*1]In the Matter of Broome County Department of Social Services, on Behalf of Classic Z., Respondent,
v
Royce Y., Appellant.

Calendar Date:November 16, 2021

Before:Garry, P.J., Egan Jr., Lynch, Pritzker and Colangelo, JJ.

Alena E. Van Tull, Binghamton, for appellant.
Broome County Department of Social Services, Binghamton (Michael E. Somma of counsel), for respondent.
Joan E. Mencel, Endwell, attorney for the child.



Lynch, J.
Appeal from an order of the Family Court of Broome County (Connerton, J.), entered August 18, 2020, which, in a proceeding pursuant to Family Ct Act article 5, denied respondent's motion to vacate an order of filiation issued on default.
Classic Z. (hereinafter the mother) is the mother of the subject child (born in January 2013), whose birth certificate does not list a second parent. In August 2014, petitioner, on behalf of the mother, filed a petition under Family Ct Act article 5 seeking an order of paternity adjudicating respondent to be the child's father. Annexed to the petition was a supporting affidavit from the mother setting forth the basis for her belief in that regard, including that she was unmarried when the child was conceived and had engaged in sexual intercourse with respondent between January 2007 and August 2012. Respondent did not appear for the initial appearance on the petition held on October 2, 2014. Although Family Court (Hinchcliff, S.M.) noted during that appearance that the summons had been sent to respondent's home address in Bronx County, it adjourned the matter to December 4, 2014 to allow petitioner to attempt personal service on respondent. As reflected in an affidavit of service contained in the record, respondent was personally served with the summons for the paternity proceeding on October 22, 2014 at his home in Bronx County. The summons indicated that an "initial appearance" would take place on December 4, 2014 and advised that respondent could appear telephonically if he so desired (see Family Ct Act § 531-a).[FN1] The summons further cautioned in bold capped letters that "your failure to appear shall result in an entry of an order of filiation on default upon proof that you received actual notice of commencement of this proceeding."
Neither respondent nor the mother appeared on the December 4, 2014 adjourned date. Family Court found respondent to be in default and, based upon the allegations in the mother's affidavit accompanying the petition, declared respondent to be the child's father. The court noted that, if either party filed a petition to vacate the default, it would be granted. Petitioner then presented testimony on a corresponding child support application and, at the conclusion of the testimony, Family Court found that the father's child support obligation was $50 per month.[FN2] A corresponding order of filiation and support was entered on respondent's default that same day.
In the ensuing years, petitioner filed several violation petitions against respondent due to his failure to satisfy his child support obligations. Respondent failed to appear on those petitions and was the subject of several arrest warrants. In response to one of the arrest warrants, respondent appeared in court without counsel on October 9, 2019, explaining that he had failed to appear on the violation petitions because he "had no means to get" to Broome County from his home in Bronx County. At the next court appearance [*2]on October 15, 2019, respondent indicated that he wanted an attorney, and the matter was adjourned.
Respondent appeared with counsel on the November 15, 2019 adjourned date and expressed concerns about the manner in which his paternity was established. At the next appearance on Thursday, December 12, 2019, only respondent's counsel was present. Family Court (Connerton, J.) called respondent to inquire as to his whereabouts, and he claimed that he had filed a motion to vacate the default order of filiation. The court informed respondent that it had not received such a motion and gave him until the following Wednesday to file it.
The next day, December 13, 2019, respondent filed a pro se petition seeking to "vacate paternity." Respondent appeared pro se at the initial appearance on this petition, during which Family Court (Dunshee, S.M.) informed him that he needed to serve petitioner and the mother with a copy of the petition. On June 24, 2020, Family Court (Connerton, J.) issued an order dismissing respondent's petition, without prejudice, for failure to state a cause of action, giving him another two weeks to file a motion in the instant proceeding seeking to vacate the December 4, 2014 order. On July 10, 2020, respondent — represented by counsel newly assigned in June 2020 (see Family Ct Act § 262 [a] [viii]) — moved to vacate the order of filiation entered on his default, annexing to his motion an attorney affirmation alleging that respondent had a reasonable excuse for failing to appear along with a meritorious defense. Family Court denied the motion, finding that it was untimely, and also noted that it was not supported by an affidavit from a person with personal knowledge of the facts asserted. Respondent appeals.
To vacate a default order, a movant is generally required to present a reasonable excuse for failing to appear and a meritorious defense (see Matter of King v King, 167 AD3d 1272, 1272 [2018]). Since respondent was personally served with the summons requiring his appearance on December 4, 2014, the application is governed by CPLR 5015 (a) (1), which, by its terms, requires that the vacatur motion be made within one year after service of the order with notice of entry (see CPLR 5015 [a] [1]; David D. Siegel & Patrick M. Connors, NY Prac § 108 at 232 [6th ed 2018]). The record shows that the filiation order was entered on December 8, 2014 and served upon respondent by mail with notice of entry that same day. He has offered no proof to the contrary. The one-year period, however, is not a statute of limitations and a court retains inherent discretion to vacate a default in the interest of justice (see Machnick Bldrs. v Grand Union Co., 52 AD2d 655, 655 [1976]). Given that standard, we conclude that Family Court acted within its discretion in denying respondent's motion to vacate the 2014 default order as untimely. The plain fact is that respondent failed to present any plausible excuse for his failure to move to vacate [*3]the default for more than five years. As such, we conclude that Family Court did not abuse its discretion in denying the motion as untimely (see Ashley v Ashley, 139 AD3d 650, 651 [2016]).
We are mindful that the standard set forth above does not apply "'where a party's fundamental due process rights have been denied'" (Matter of King v King, 167 AD3d at 1273, quoting Matter of Sonara HH. [Robert HH.], 128 AD3d 1122, 1124 [2015], lvs dismissed 25 NY3d 1220, 1221 [2015]). Here, respondent maintains that counsel was ineffective for failing to raise a due process challenge to the December 4, 2014 filiation proceeding. Specifically, he contends that no notice of a hearing was provided in advance of that appearance. The summons, however, expressly advised that a failure to appear would result in the issuance of a filiation order. Moreover, respondent, who claims that he was unable to travel from Bronx County to Broome County for the proceeding, failed to simply appear by telephone despite being offered the opportunity to do so. As such, we are satisfied that respondent was accorded due process. Since the motion was denied as untimely, respondent's remaining contentions of ineffective assistance of counsel are of no moment.
Garry, P.J., Egan Jr., Pritzker and Colangelo, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: Respondent was also served with an application to appear by telephone, which was not returned to the court.

Footnote 2: The support obligation was later modified in May 2016, again on default.