Matter of Tyler T. v Brianna W. (2025 NY Slip Op 03369)

Matter of Tyler T. v Brianna W.

2025 NY Slip Op 03369

Decided on June 5, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 5, 2025

CV-24-0152
[*1]In the Matter of Tyler T., Appellant,
v
Brianna W. et al., Respondents, and Stacy ., Respondent.

Calendar Date:April 21, 2025

Before:Egan Jr., J.P., Reynolds Fitzgerald, Fisher, Powers and Mackey, JJ.

Lisa K. Miller, McGraw, for appellant.
Hancock Estabrook, LLP, Syracuse (James P. Youngs of counsel), for Stacy V., respondent.
Larisa Obolensky, Bovina Center, attorney for the child.

Powers, J.
Appeal from an order of the Family Court of Delaware County (Gary Rosa, J.), entered January 10, 2024, which, among other things, dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.
Petitioner (hereinafter the father) and respondent Brianna W. (hereinafter the mother) are the parents of the subject child (born in March 2022). Although the mother and the father had maintained an on-and-off relationship for a matter of years, the child was born while the mother was married to respondent Matthew W. (hereinafter the husband), who was listed as the child's father on the birth certificate. In April 2022, the father, claiming to be the child's biological parent, filed a petition in Family Court of Onondaga County to establish paternity. In July 2022, with that paternity proceeding still pending, respondent Stacy V. (hereinafter the maternal grandmother) filed an emergency petition for custody in Family Court of Delaware County representing that the mother had left the child in her care and, as a result, the maternal grandmother was granted temporary custody. The father then commenced this proceeding in October 2022 seeking custody of the child. Appended to his petition were the purported results of a genetic marker test setting forth that there was a 99.99% probability of his paternity.
A week after the father's initial custody petition was filed, Family Court entered an order of custody on consent by which the maternal grandmother was granted residential custody of the child and legal custody was shared jointly between the mother, the husband and the maternal grandmother. Despite his still-pending petition for custody which named all three of these individuals as respondents, the father was not included as a party to that order, and, as such, could not consent. The father subsequently petitioned to modify this consent order in January 2023, and, shortly thereafter, a filiation order was entered on default in Onondaga County establishing his paternity of the child.[FN1] After a fact-finding hearing, the court dismissed the father's petitions finding that, relevant to his initial custody petition, the maternal grandmother was better able to provide for the child, and, relevant to modification, the father lacked standing to modify the consent order as he was not a party to it.[FN2] The father appeals.
The father contends that Family Court erred in continuing physical custody with the maternal grandmother without first finding extraordinary circumstances permitting custody to be granted to a nonparent. We agree and, therefore, reverse and remit the proceeding to Family Court for a determination on this issue.
"[A] parent has a claim of custody of his or her child[ ] that is superior to that of all others, absent surrender, abandonment, persistent neglect, unfitness, disruption of custody over a prolonged period of time or the existence of other extraordinary circumstances" (Matter of Sonya [*2]M. v Tabu N., 198 AD3d 1206, 1208 [3d Dept 2021] [internal quotation marks and citations omitted], lvs denied 38 NY3d 901 [2022], 38 NY3d 902 [2022]; see Matter of Anne MM. v Vasiliki NN., 203 AD3d 1476, 1478 [3d Dept 2022]). The burden to demonstrate extraordinary circumstances rests with the nonparent and must be determined by Family Court "before addressing the custodial arrangement that would be in the best interests of the child[ ]" (Matter of Candy II. v Kandice HH., 236 AD3d 1156, 1158 [3d Dept 2025] [internal quotation marks and citation omitted]). Consequently, in opposing both the father's initial petition for custody and subsequent modification petition, the maternal grandmother was required to demonstrate extraordinary circumstances (see Matter of Rebecca S. v Ashley T., 230 AD3d 1407, 1408-1409 [3d Dept 2024]).
Family Court made no determination, either explicitly or implicitly, with respect to whether the maternal grandmother had demonstrated extraordinary circumstances. Instead, the court seemingly determined that the maternal grandmother was not required to demonstrate as much in apparent reliance on the prior consent order — as to which the father was not a party. "A prior consent order, standing alone, does not constitute a judicial finding or an admission of surrender, abandonment, unfitness, neglect or other extraordinary circumstances" (Matter of Amber VV. v Colleen WW., 235 AD3d 1197, 1198 [3d Dept 2025] [internal quotation marks and citations omitted]; cf. Matter of Jared MM. v Mark KK., 205 AD3d 1084, 1087 [3d Dept 2022]; Matter of Renee S. v Heather U., 195 AD3d 1170, 1171 n 1 [3d Dept 2021]; Matter of Sweeney v Daub-Stearns, 166 AD3d 1340, 1341 [3d Dept 2018]). Thus, the court was required to decide this issue in the first instance and failed to do so (see Matter of Loretta RR. v Maryann SS., 160 AD3d 1065, 1067 [3d Dept 2018]). While we are cognizant of our ability to conduct an independent review and determine whether extraordinary circumstances exist, the limited record before this Court is inadequate to undertake such analysis (see Matter of Sweeney v Daub-Stearns, 166 AD3d at 1341; Matter of Loretta RR. v Maryann SS., 160 AD3d at 1067; Matter of Tamika B. v Pamela C., 151 AD3d 1220, 1221 [3d Dept 2017]).
Based upon this, we are required to remit for an expedited hearing on the father's initial custody petition to address the issue of whether the maternal grandmother has established extraordinary circumstances and, if so, what custody arrangement is in the best interests of the child (see Matter of Melissa F. v Raymond E., 193 AD3d 1123, 1127 [3d Dept 2021]; Matter of Loretta RR. v Maryann SS., 160 AD3d at 1067-1068; Matter of Tamika B. v Pamela C., 151 AD3d at 1221-1222). In the interim, we direct Family Court to fashion a parenting time schedule that allows the father meaningful access to the child and caution the court that it must consider the age and capabilities of the subject child in determining what manner [*3]of parenting time would serve the best interests of the child.
The father also argues that he was denied his right to effective assistance of counsel based upon counsel's failure to seek an interim parenting time order while his petitions were pending and, relatedly, that he should not be faulted for this omission. While it may have been better practice for counsel to seek a temporary order for parenting time, especially after the maternal grandmother seems to have disallowed voluntary visits, this did not amount to a denial of meaningful representation (see Matter of Dianne SS. v Jamie TT., 235 AD3d 1138, 1143 [3d Dept 2025]; Matter of Ronda A. v Jennifer A., 224 AD3d 1130, 1133 [3d Dept 2024]).
Egan Jr., J.P., Reynolds Fitzgerald, Fisher and Mackey, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as dismissed petitioner's initial custody petition; matter remitted to the Family Court of Delaware County for further proceedings not inconsistent with this Court's decision, said proceedings to be commenced within 30 days of the date of this decision; and, as so modified, affirmed.

Footnotes

Footnote 1: To the extent the maternal grandmother took issue with the order of filiation before Family Court and continues to do so before this Court, this is neither the proper venue nor the proper proceeding to make such a challenge (see Matter of Jacob SS., 59 AD3d 825, 826 n [3d Dept 2009]; see generally Matter of Broome County Dept. of Social Servs. v Royce Y., 200 AD3d 1524, 1526-1527 [3d Dept 2021]).

Footnote 2: Although not relevant to the issues raised before this Court, the order appealed from also dismissed the mother's enforcement petition against the maternal grandmother and the paternal grandmother's petition for custody of the child. The mother also joined the father's modification petition, which was similarly dismissed by Family Court.