Matter of Charity BB. v Jeremy CC. (2025 NY Slip Op 04747)

Matter of Charity BB. v Jeremy CC.

2025 NY Slip Op 04747

Decided on August 21, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:August 21, 2025

CV-24-1419
[*1]In the Matter of Charity BB., Petitioner,
v
Jeremy CC., Appellant.

Calendar Date:August 14, 2025

Before:Lynch, J.P., Ceresia, Fisher, Powers and Mackey, JJ.

Cynthia Feathers, Saratoga Springs, for appellant.
Mitchell S. Kessler, Cohoes, attorney for the children.

Fisher, J.
Appeal from an order of the Family Court of Schenectady County (Stephen Rodriguez, Referee), entered July 12, 2024, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of three children (born in 2013, 2014 and 2014). In 2018, the father was awarded primary physical custody of the children, with the parties having joint legal custody and the mother receiving parenting time every weekend. In 2023, the mother filed a petition seeking to enforce a provision of the custody order which prohibited either parent from using excessive corporal punishment against the children. Following a child protective investigation which found the father to have engaged in corporal punishment of the children, the mother filed a modification petition seeking sole physical and legal custody of the children. Each petition was then referred to a referee, who took testimony from the parties and a witness, and then conducted a Lincoln hearing with each child. Thereafter, upon a determination that the use of corporal punishment was ongoing in the father's residence, the referee granted the mother's modification petition and awarded her primary physical and sole legal custody, with the father having certain parenting time two weekends a month on a graduated schedule. As relevant here, the order also awarded each party phone and virtual calls with the children and, should either parent take the children on a trip outside of New York, that parent must notify the other parent of a general itinerary for the travel. The referee also made a recommendation on the enforcement petition, which was sustained by Family Court (Burke, J.).[FN1] The father appeals.
During the pendency of this appeal, we were provided with a subsequent order entered October 7, 2024 in which Family Court, among other things, ordered the mother to return the children to Schenectady County, awarded the father temporary primary physical custody of the children, joint legal custody of the children and prohibited either parent from removing the children from New York. According to appellate counsel for the father, which information the appellate attorney for the children does not dispute,[FN2] the mother has absconded with the children to Puerto Rico, the father has not seen the children since June 2024 and he has had limited contact with the children via telephone or virtual means. During the few opportunities he has had to speak with the children, such conversations were allegedly monitored by an unknown individual offscreen and, when he has inquired as to the children's whereabouts, the calls have been abruptly ended by that individual. As a result, the father filed modification and enforcement petitions, but has been unable to effectuate service on the mother. During oral argument, counsel for the father further indicated that the mother [*2]has returned to an eastern state (not New York) and that the children are believed to still be in Puerto Rico, but it is unknown who the children are with at this time. We have been further advised by counsel that there is an upcoming conference before Family Court to address service and the ongoing situation.
Although the general rule is that an appellate court is limited to consideration of the facts contained in the appellate record and, therefore, information outside the record ordinarily will not be considered (see Matter of Jorling v Adirondack Park Agency, 214 AD3d 98, 101-102 [3d Dept 2023]), appellate courts may nevertheless "take notice of the new facts and allegations to the extent they indicate that the record before [them] is no longer sufficient for determining" what custodial situation is in the children's best interests (Matter of Michael B., 80 NY2d 299, 318 [1992]; see Matter of Matthew DD. v Amanda EE., 187 AD3d 1382, 1384 [3d Dept 2020]). Recognizing that the new allegations are dehors the record and that the mother has not appeared in any form to address them on appeal, we remain satisfied that the new information provided to us by appellate counsel — as reflected by the actions of Family Court in issuing a subsequent order — "indicates that the record before us is no longer sufficient to permit intelligent appellate review of the underlying custody determination in this case" (Matter of Loretta RR. v Maryann SS., 160 AD3d 1065, 1067 [3d Dept 2018]). Accordingly, we reverse Family Court's order and remit the matter for further proceedings and updated fact-finding (see Matter of Joanna PP. v Ohad PP., 230 AD3d 1445, 1448-1449 [3d Dept 2024]). Furthermore, given that the children's whereabouts are represented as being outside of New York and not with the mother but an unknown individual(s), Family Court shall proceed expeditiously and without delay. The terms of the October 7, 2024 order remain in effect until modified by Family Court.[FN3]
Lynch, J.P., Ceresia, Powers and Mackey, JJ., concur.
ORDERED that the order is reversed, on the law and the facts, without costs, and matter remitted to the Family Court of Schenectady County for further proceedings not inconsistent with this Court's decision.

Footnotes

Footnote 1: Given the terms of the order changing primary physical custody to the mother and prohibiting either party from using any level of corporal punishment, Family Court imposed no additional sanction against the father on the enforcement petition.
Footnote 2: The mother has not appeared on this appeal.

Footnote 3: We have not been asked to evaluate the propriety of such terms, and no part of our determination shall be interpreted as having done so.