Matter of Sprague v Younes

2026 NY Slip Op 02758

May 1, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

IN THE MATTER OF ETHAN K. SPRAGUE, PETITIONER-RESPONDENT,

v

ELIZABETH A. YOUNES, RESPONDENT-APPELLANT.

IN THE MATTER OF ELIZABETH A. YOUNES, PETITIONER-APPELLANT,

ETHAN K. SPRAGUE, RESPONDENT-RESPONDENT.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department

Decided on May 1, 2026

321 CAF 24-01700

Present: Lindley, J.P., Bannister, Montour, Greenwood, And Hannah, JJ.

LAW OFFICE OF VERONICA REED, SCHENECTADY (VERONICA REED OF COUNSEL), FOR RESPONDENT-APPELLANT AND PETITIONER-APPELLANT.

GARY MULDOON, ROCHESTER, ATTORNEY FOR THE CHILD.

Appeal from an order of the Family Court, Allegany County (Emily Vella, R.), entered September 17, 2024, in a proceeding pursuant to Family Court Act article 6. The order, insofar as appealed from, dismissed the petition of respondent-petitioner seeking permission to relocate to Arkansas with the parties' child.

[*1]

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, respondent-petitioner's petition is reinstated, and the matter is remitted to Family Court, Allegany County, for further proceedings in accordance with the following memorandum: In this proceeding pursuant to Family Court Act article 6, respondent-petitioner mother appeals from an order insofar as it dismissed her petition seeking permission to relocate to Arkansas with the parties' child. The mother contends that Family Court's determination that relocation is not in the child's best interests lacks a sound and substantial basis in the record. The Attorney for the Child has submitted new information to this Court indicating that the mother married her fiancé, who resides in Arkansas, and that petitioner-respondent father has not exercised any visitation with the child for the past 16 months. This Court may "take notice of . . . new facts and allegations to the extent they indicate that the record before us is no longer sufficient for determining" whether relocation is in the child's best interests (Matter of Allen v Courtney, 224 AD3d 1346, 1347 [4th Dept 2024] [internal quotation marks omitted]; see Matter of Michael B., 80 NY2d 299, 318 [1992]; see also Matter of Morris v Smith, 244 AD3d 1741, 1744 [4th Dept 2025]). In light of the new information, we reverse the order insofar as appealed from and reinstate the mother's petition, and we remit the matter to Family Court for an expedited hearing and, thereafter, a new determination of whether, considering the best interests of the child, the mother should be permitted to relocate with the child (see Allen, 224 AD3d at 1347; Matter of Kennedy v Kennedy, 107 AD3d 1625, 1626 [4th Dept 2013]).

Entered: May 1, 2026

Ann Dillon Flynn

Clerk of the Court